GARDNER V. HALSTEAD ET AL.

1. **Bill of Exceptions:** WHEN NOT NECESSARY. A bill of exceptions is
not necessary to bring before this court, on appeal, a question which
arises on the pleadings, since they are a part of the record without
such a bill.

2. **Pleading:** ANSWER TO COUNTER-CLAIM IN INJUNCTION SUIT: TRANS-
FER TO LAW DOCKET. Plaintiff sued out a preliminary injunction
restraining the collection of certain notes on the ground that they had
been paid. Defendants answered, denying that the notes had been paid,
and, upon proper averments, asking judgment thereon; and on their
motion the injunction was dissolved and the cause transferred to the law
calendar. *Held* that the case then stood like an action at law for the
collection of the notes, and that plaintiff had a right to plead any mat-
ter of defense.

*Appeal from Webster Circuit Court.*

FRIDAY, MARCH 11.

THE plaintiff executed to the defendant Halstead certain
promissory notes, and a chattel mortgage to secure the pay-
ment of the same. Halstead transferred the notes to. the
Kansas Manufacturing Company. Plaintiff commenced an
action in equity against the manufacturing company to
restrain it from foreclosing the mortgage, on the ground that
the notes had been paid, and averring that the company took
said notes with notice of plaintiff's defense to them. . The
defendants answered, denying that the notes had been paid,
and setting the same up as a cause of action against the
plaintiff, and demanding judgment thereon. A preliminary
injunction was granted restraining the foreclosure of the
mortgage, which injunction, on motion of the defendant, was
dissolved; and the defendants moved to transfer the cause to
the law calendar, upon the ground that nothing was in issue
between the parties except the payment of the notes set out
in the defendants' answer. The motion was sustained.
After the cause was thus transferred, the plaintiff filed what
he denominated an "answer" to the defendants' *cross-petition*,
setting up an account due him from the defendant Halstead
amounting to more than the sum due on the notes, averring
that the notes were not transferred to the manufacturing com-

pany until after they became due, and demanding judgment against the company for costs, and judgment against Halstead for the balance of the account, after deducting tho amount of the notes. The defendants moved to strike the answer to the cross-petition from the files. The motion was sustained, and plaintiff excepted to the ruling. Pending the hearing on the motion, the plaintiff withdrew and dismissed his petition in equity. After the ruling on the motion, the plaintiff withdrew his appearance, and judgment was rendered against him on the notes. Plaintiff appeals.

*A. E. Clarke*, for appellant.

*Wright & Farrell*, for appellees.

ROTHROCK, J.—I. The appellee insists that the bill of exceptions was not filed within the proper time. We have

1. BILL of exceptions: when not necessary.

been compelled to resort to the transcript to settle this question, and it appears from the filing on the back of the original bill of exceptions that it was deposited in the clerk's office, and marked "Filed," on the thirteenth day of January, 1886, which was within the time allowed appellant for filing the same. The record is not altogether clear about this, as counsel have procured the clerk to make contradictory certificates, and two bills of exceptions are filed in this court, each claimed to be original. But the question appears to us to be immaterial, because the plaintiff's exceptions were duly made of record, and the question presented for our determination arises upon the pleadings, and nothing else, and the pleadings were of record, without a bill of exceptions.

II. The motion to strike the plaintiff's pleading is founded on seven grounds, and the appeal is presented to us upon

2. PLEADING: answer to counterclaim in injunction suit: transfer to law docket.

twenty-one assignments of error. We must decline to enter into a discussion of all the propositions submitted by counsel. The seven grounds of the motion really amount to but one, which, stated in our own language, is that the pleading is in

Gardner v. Halstead et al.

the nature of a reply to the answer of the defendants, and introduces new matter not contained in the petition, and inconsistent with the petition. The ready answer to this position is that there was no petition of plaintiff when the ruling was made. His petition was a petition in equity. It was disposed of when the injunction was dissolved, and the cause transferred to the law docket. It is true, the plaintiff averred in his petition that the notes had been paid. This, if true, would have entitled him to a decree canceling the notes. But, when the cause was transferred to the law calendar, he had no right to proceed at law and demand a cancellation of the notes, because that was an equitable issue. More than this, it was his right to dismiss his petition; and when he did this, as the defendant still insisted on judgment on the notes, it was his right to make any legal defense thereto. It is no matter what the defendants called their pleading. It was the first pleading in the case, and was, in effect, a petition demanding judgment on the notes; and when the petition was dismissed, if not before, it is no matter what the plaintiff denominated his defense to the notes. It was in the nature of an answer and counter-claim, and was not inconsistent with any petition then pending, for there was no petition. It had been disposed of by the transfer to the law calendar, and by being expressly dismissed.

The motion should have been

OVERRULED.