MORRISON MANUFACTURING COMPANY, Appellants, v. ROACH & GREENE, Respondents.

Kansas City Court of Appeals, February 1, 1904.

1. **TRIAL PRACTICE: Counterclaim: Reply.** Where the defendant on dismissal of plaintiff's petition elects to prosecute his counterclaim, he becomes a plaintiff and the plaintiff a defendant, and the reply of the plaintiff becomes an answer in which he may set up his defenses or counterclaims, including even the cause of action pleaded in his dismissed petition; and section 4499, Revised Statutes 1899, supersedes the general rules governing the parties in their pleadings so far as is necessary to give effect to that section.

2. **APPELLATE PRACTICE: Presumption: Appeal From Order Granting New Trial: Bill of Exceptions.** On an appeal from an order granting a new trial the appellate court may examine any other ground for the motion than that assigned by the trial court in its order sustaining the motion, and must presume that the order granting a new trial was justified by law; and where there is a failure to bring up the bill of exceptions the appellate court will presume there was sufficient reason for sustaining the motion and affirm the judgment.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*W. F. Calfee* and *R. N. Johnson* for appellants.

If plaintiff's original petition had not been dismissed, its replication and counterclaim would probably not have authorized the recovery of judgment against defendants but would have only extinguished their demand. Pattison's "Missouri Code Pleading," sec. 766; Coombs Co. v. Block, 130 Mo. 668.

*Childer Bros.* for respondent.

(1)   Plaintiff can not recover on a cause of action which is stated only in his reply, and not stated in his original petition. Pattison's "Missouri Code Pleading," p. 394, sec. 763; Crawford v. Spencer, 36 Mo. App. 78; Stepp v. Livingston, 72 Mo. App. 175, l. c. 179; Hill v. Mining Co., 119 Mo. l. c. 30.   (2)   The reply of plaintiff to defendant's set-off and counterclaim as to the note of $587.46, was clearly a departure from its original petition, and is not admissible. Bliss, Code Pleading (2 Ed.), sec. 396; Magruder v. Admire, 4 Mo. App. 133; Suman v. Inman, 3 Mo. App. 596; Pattison's "Missouri Code Pleading," p. 354, sec. 676; Mortland v. Holton, 44 Mo. 58. Where there is a single defendant and he interposes a set-off to plaintiff's demand, the plaintiff can not set up in his reply another demand distinct from that on which his action is based, and which he might have included in his petition. Pattison's "Missouri Code Pleading," p. 354, sec. 676; Dawson v. Dillan, 26 Mo. 395.

ELLISON, J.—Plaintiff sued defendants in two counts on two promissory notes, one for $149.30 and the other for $587.46. Defendants had made an assignment prior to the institution of the suit and plaintiff had presented and had both notes allowed by the assignee, thus merging them into judgments. Defendants answered plaintiff's petition admitting the execution of the notes, but setting the allowance and merger as in bar of an action on the notes themselves. They further answered by setting up that they had delivered certain valuable collateral to plaintiff with the notes. That enough of them had been collected to pay the notes. Defendants then pleaded a counterclaim and demanded an affirmative judgment against plaintiff for $449.30. Plaintiff then filed an amended petition in which it declared on the judgments. On motion of defendants this

amended petition was stricken out on the ground that it changed the cause of action in the original petition. Plaintiff thereupon dismissed its original petition and filed a replication to defendants' answer, denying defendant's counterclaim and again set up the judgment before the assignee "by way of counterclaim to defendants' counterclaim;" in other words, plaintiff stated in this replication the cause of action on the judgments as had been alleged in its amended petition and asked judgment for the amount of such judgments. Defendants then filed their reply or answer to plaintiff's reply. The cause was then referred to E. B. Fields, Esq., as referee. Mr. Fields in due time made his report wherein he found for plaintiff the sum of $385.81. Defendants filed objections to the report in which many exceptions were taken thereto, but the trial court overruled them and confirmed the report and rendered judgment for the amount so found. Defendants then filed their motion for new trial setting up several grounds why it should be granted, among others, that the court "erred and improperly permitted plaintiffs after its petition and amended petition had been held bad, to file and maintain by way of replication, a set-off and counterclaim, the same matter as alleged as a cause of action in its original petition." The court sustained the motion on that ground and plaintiff appealed from that order to this court.

The action taken by the trial court on the case made as just set out, involves a construction of section 4499, Revised Statutes 1899, which reads as follows: "Whenever a set-off or counterclaim shall be filed in an action, as provided in this chapter, it shall be deemed in law and treated as an independent action begun by the defendant against the plaintiff, except in the cases enumerated in section 4488 of this chapter; and, the dismissal or any other discontinuance of the plaintiff's action, in which such set-off or counterclaim shall have been filed, shall not operate to dismiss or discontinue such set-off

or counterclaim, but the defendant so filing such set-off or counterclaim may, notwithstanding such discontinuance or dismissal of the plaintiff's action, prosecute the same against the plaintiff in the same manner and with the same force and effect as if he had originally begun the action on his set-off or counterclaim against the plaintiff; and, in such case, the defendant so prosecuting such set-off or counterclaim shall be subject to all the rules applicable to plaintiffs in civil actions and other procedure, and the set-off or counterclaim shall be proceeded with, in all respects, as if the action had originally been begun by the defendant against the plaintiff.''

In our opinion the first view entertained by the trial court was correct and that it erred in granting the motion for new trial on the ground that plaintiff could not set up in its replication to defendants' answer and counterclaim, the same matter that was the foundation of its action as set out, whether in the original petition which it dismissed, or in the amended petition which was stricken out. The effect of the statute is that where a plaintiff dismisses his action, anything on defendant's part which he has claimed in his answer and which was proper matter of set-off, or of counterclaim to plaintiff's cause of action, should be considered as though it was the basis of an action by such defendant, as though he was a plaintiff, against such plaintiff as though he was a defendant. When a defendant, after the petition has been dismissed by the plaintiff, shall elect to continue to prosecute his set-off, or his counterclaim notwithstanding such dismissal, he takes upon himself the prosecution of an action in which he becomes to all intents and purposes a plaintiff, and the plaintiff becomes a defendant. The statute aforesaid reads that, such defendant shall be subject to all the rules applicable to plaintiffs in civil actions and other procedure and that his claim shall be proceeded with in all respects as if he had originally begun the action against the plaintiff.

The statute is as broad as could well be made and we can not see any reason why the plaintiff should not be allowed to use as set-off or counterclaim, if it be otherwise proper, the same matter upon which his petition was based in the first instance, or as amended. The opportunity to do so is given him by the defendant who elects to go on with his counterclaim or set-off. He may deprive the plaintiff of such privilege by going out of court with him.

Defendants, to sustain the reason given for granting the new trial, urge several reasons founded on the ordinary rules of pleading, among others, the rule in this State that there can be no recovery on a cause of action which first appears stated in the reply and which are not within the general scope of the petition. Crawford v. Spencer, 36 Mo. App. 78; Stepp v. Livingston, 72 Mo. App. 175, 179; Hill v. Mining Co., 119 Mo. l. c. 30. By this contention it is seen that defendants regard the rights of plaintiff as they would be unaffected by the statute. But by that statute plaintiff and defendants change places, and plaintiff becomes for all practical purposes the defendant, and what counsel call the replication is really an answer. That statute was enacted to meet the special phase of such a case as it refers to; and, in so far as is necessary to effectuate its purpose in such case, it must be held to supersede the general rule governing the parties in their pleading, whether such rule be founded on the general statute or on decisions of the courts.

There is a statute of the State of Iowa, certainly no broader than ours, which reads: "In any case where a counterclaim has been filed, the defendant shall have the right of proceeding to trial thereon, although the plaintiff may have dismissed his action or failed to appear." A case arose in which the plaintiff brought his bill to enjoin the defendant from foreclosing a mortgage to secure plaintiff's notes on the ground that they had been paid and asking that they be cancelled. The

defendant answered denying the payment and asking judgment on the notes. Plaintiff dismissed his bill, and defendant still insisting on judgment on his notes, the plaintiff was permitted by his reply, "in the nature of an answer" to defend on the same ground set up in his bill which he had dismissed. Gardner v. Halstead, 71 Iowa 259.

Defendants seek to avoid the force of that decision by suggesting that by the general statute of Iowa "any number of defenses negative or affirmative are pleadable to a counterclaim, and such affirmative matter of defense in reply shall be sufficient in itself and must intelligibly refer to the part of the answer to which it is intended to apply." But the general statute permits no more than the section of our statute which we are now construing in so far as it affects the point under consideration. For, as we have already pointed out, our statute makes a defendant with his counterclaim, a plaintiff seeking to obtain judgment upon it; and it makes of the plaintiff a defendant with all the rights of any other defendant who had been sued on a demand.

But defendants urge another point which we conclude entitles them to an affirmance of the judgment. The motion for new trial, as has been stated, included more than the one cause assigned for granting it. Among other reasons was one that " the court erred in sustaining and confirming the report of the referee." There was a bill of exceptions containing the report and the evidence had at the trial and the declarations of law. The plaintiff has not brought up the bill of exceptions nor has it furnished us with an abstract of it. We have no means of ascertaining whether any other reason assigned in the motion for new trial was well founded.

The law is, that we may examine any other ground of the motion for new trial than that assigned by the trial court in order to sustain the action of such court. Lovell v. Davis, 52 Mo. App. 342, 347; Hewitt v. Steele, 118 Mo. 463; Gray v. Railway, 54 Mo. App. 671; Saville

v. Huffstetter, 63 Mo. App. 273. We must presume that the order granting the new trial was justified by the law, though we may not sustain the reason which was given for making it. And we have already decided that it was the duty of an appellant to show to us that the order was not sustained, not alone by the reason given, but by the law for any other reason alleged. Ensor v. Smith, 57 Mo. App. 584.

The plaintiff not having brought before us the entire record—having omitted that part which, defendants contend, would show the order granting the new trial was proper, we are not authorized to say that it was improper and hence we order its affirmance. The other judges concur.