## DALE & BENNETT, Appellants, v. GOLDENROD MINING COMPANY, Respondents.

**Kansas City Court of Appeals, March 6, 1905.**

1. **PARTNERSHIP:** Sharing Profits: Agreement: Instruction. An instruction relating to the existence of a partnership between the parties named, if they were to share in the profit and loss according to their respective interests, without regard to an express agreement to become partners and so share the profits and loss, is held proper.

2. ————: ————: ————: Third Parties. An agreement failing to make defendants partners does not prevent them becoming partners as to third parties.

3. **TRIAL PRACTICE:** New Trial: Presumption. Though a trial court err in granting a new trial for the reason it states, its order must be upheld unless there are one or more other causes which would justify a new trial, and it is incumbent upon respondent to show such other causes, otherwise the action of the trial court is presumptively correct.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs*, Judge.

REVERSED AND REMANDED (*with directions*).

*H. S. Miller* for appellants.

The court erred in sustaining defendants' motion for a new trial. Lumber Co. v. Christophel, 59 Mo. App. 80; Schmidt v. Railway Co., 163 Mo. 645; Herdler v. Stove and Range Co., 136 Mo. 3; Candee v. Railroad, 130 Mo. 154; Lowell v. Davis, 52 Mo. App. 342; Vatine v. Rex, 93 Mo. App. 93; Thompson v. Railroad, 140 Mo. 125; Haven v. Missouri Co., 155 Mo. 226; Campbell v. Railroad, 86 Mo. App. 67; Ittner v. Hughes, 133 Mo. 679; Miller v. Car Co., 130 Mo. 517; Armiston v. Trumbo, 77 Mo. App. 314; Bradley v. Reppell, 133 Mo. 545; Baughman v. Fulton, 139 Mo. 559; Real Estate Co. v. McDonald, 140 Mo. 612; Snyder v. Burnham, 77 Mo. 52; Kansas City v. Oil Co., 140 Mo. 475; State v. Reed, 89 Mo. 168; Walker v. Railroad, 83 Mo. 609; Gains v. Fender, 82 Mo. 497.

*Thomas Dolan* for respondents.

(1)    The relations of the parties were defined in the contract above set out under which the ground was being mined by Adam Scott. There is no evidence in the record anywhere that that contract was abandoned, it appears from the testimony of Mr. Stevens, the superintendent of the Granby Mining Co., and Dolan, the attorney for respondents as well as respondents, that Scott continued mining under said contract during the times referred to by plaintiffs and up to the time the mine was shut down and possession taken of it by respondents. (2)    The giving of instruction numbered four was clearly erroneous because it tells the jury that a partnership existed, although there was no express agreement to become partners if they conducted mining operations jointly. (3)    Appellant relies on the case of Snyder v. Burnham, 77 Mo. 52. That case is not applicable. The mere sharing of

profits and losses has been held not to constitute a partnership, if it can be shown that no partnership was intended. This can be shown by the contract set out. It is very clear that this contract does not constitute Scott and Brintlinger and Hodge partners. Hughes v. Ewing, 162 Mo. 261; Hardware Co. v. Harrison, 89 Mo. App. 154; Hazel v. Clark, 89 Mo. App. 78; Mackie v. Mott, 146 Mo. 230.

ELLISON, J.—This case like that of Tamblyn v. Scott, —Mo. App.—, was commenced to recover of defendant Scott and defendants Brintlinger and Hodge the amount of an account, the purchases making up such account being made by Scott. The same contract involved in the Tamblyn case was also in evidence in this case. But, unlike the Tamblyn case, the plaintiff here obtained a verdict. This the court set aside and granted a new trial on account of supposed error in giving for plaintiff the following instruction.

"The court instructs the jury that if you believe from the evidence that defendants were jointly engaged in extracting ore or mineral from the ground on the lots mentioned in the written contract introduced in evidence, and each defendant was to share in the profit and loss, according to their respective interests therein, then the partnership relations subsist among them, although there is no express agreement to become partners or to share in the profits and losses."

The instruction finds direct support in Snyder v. Burnham, 77 Mo. 52, involving, as does this case, a question of mining partnership. We regard the evidence in the cause as justifying the court in giving the instruction and it was error to grant the new trial on account thereof.

But it is argued by defendants that Snyder v. Burnham is not applicable here since in this case there is an express written agreement as to the relation of

the partners and that such agreement does not, of itself, make them partners. But be that as it may, there is nothing in the written agreement to prevent them becoming partners, especially as to third parties. The whole evidence in the case justified the instruction and it was properly given.

The rule is that though the trial court errs in granting a new trial for the reason stated by such court, yet, if one or more other causes be set out which justify a new trial, the order granting it will be upheld on appeal. But it will be presumed that the trial court disregarded the other causes assigned and that in so doing it was right, unless the other party shows some of the other causes to be sound, and thus justifies the new trial. [Millar v. Madison Car Co., 130 Mo. 517; Haven v. Railway, 155 Mo. 216.]

In the case in hand we find no cause justifying a new trial and the order therefor will be reversed and cause remanded with directions to enter judgment on the verdict. All concur.