JOHN F. MORELOCK, Appellant, v. CHICAGO, BUR-
LINGTON & QUINCY RAILWAY CO., Respondent.

**Kansas City Court of Appeals, May 8, 1905.**

1. **APPELLATE AND TRIAL PRACTICE: Reviewing Evidence:**
   **Physical Impossibility: Deferring to Trial Court.** Where on
   the evidence a fact appears impossible and looks incredible,
   though it may have been possible, the appellate court will de-
   fer to the judgment of the trial court.

2. **TRIAL AND APPELLATE PRACTICE: New Trial: Reasons**
   **For.** Though the trial court grant a new trial for a wrong rea-
   son the appellate court will uphold that action if it can find sup-
   port on any other ground recited in the motion for new trial.

3. ———: ———: **Weight of Evidence.** Though there be some
   evidence to support a verdict, yet if it is unsubstantial and the
   great preponderance is against the verdict it may be set aside
   as against the weight of the evidence, since a verdict must have
   substantial evidence to support it.

Appeal from Clinton Circuit Court. — *Hon. A. D.
Burnes,* Judge.

AFFIRMED.

*Pross T. Cross* and *W. S. Herndon* for appellant.

(1) The court erred in sustaining defendant's mo-
tion for a new trial. The motion was sustained "because
the court erred in not giving the peremptory instruction
to find for the defendant, at the close of plaintiff's evi-
dence." We submit that this view of the trial court was
erroneous, and that an examination of the record will
show that plaintiff made out his case. Gannon v. Light
Co., 145 Mo. 502; James v. Life Ass'n, 148 Mo. 16; Reed
v. Railway, 94 Mo. App. 371; Tower v. Pauley, 76 Mo.
App. 287; Brumm v. Santa Fe, 72 Mo. App. 107. (2)
The defendant was liable, whether Demaree was a vice
principal or a fellow-servant. Rice v. Railway, 101 Mo.
App. 459; Rice v. Railway, 92 Mo. App. 35; Thompson

v. Chappell, 91 Mo. App. 297; Stubbs v. Railway, 85 Mo. App. 192; Callahan v. Railway, 170 Mo. 473.

*O. M. Spencer, Wm. Henry, E. C. Hall* and others for respondent.

(1) It devolves upon the party appealing from an order of a trial court granting a new trial to show from the whole record that the opposite party was not entitled to a new trial for any reason stated in the motion for such new trial; and if the trial court might properly have sustained such motion and granted the new trial upon any ground set forth in such motion, then its action in sustaining the motion and granting the new trial must be upheld, even though it was improper to grant such new trial for the particular reason for which the record shows it was granted. Hewitt v. Steele, 118 Mo. 463; Hoepper v. Hotel Co., 142 Mo. 390. (2) There being testimony that plaintiff declared shortly after the fall and injury that he stepped on some iron and it threw him off, and he being at the trial and testifying on other points, and yet failing to take the witness stand and make any contradiction, rebuttal or explanation of this matter, which is shown to be perfectly and peculiarly within his own knowledge, strongly implies the admission that the declaration was made and was true, and a strong presumption is raised against him calling for a nonsuit. Cass Co. v. Green, 66 Mo. 512; Ins. Co. v. Smith, 117 Mo. 294; Hunter v. Owen, 10 S. W. 376.

BROADDUS, P. J.—This is an action against the defendant for injuries alleged to have been received by plaintiff while in defendant's employ and as the result of its negligence. There was a finding for the plaintiff which the court set aside on the ground that it had committed error in not giving a peremptory instruction to find for defendant. The plaintiff appealed from this action of the court.

Morelock v. Railroad.

On the 27th day of July, 1903, the plaintiff was in the employ of defendant as a section hand under its foreman, Marion Lamb, at Lathrop, Missouri. Plaintiff and others were engaged in loading scrap iron on a handcar and moving it to another point on defendant's track. The foreman was present and directed the loading of the car, and after it was loaded, ordered plaintiff and four others to get on the car and take it to the place where it was to be unloaded. One of the men by the name of Demaree was directed by the foreman to take charge of the car. The track at the point where the workmen were engaged was north and south. Plaintiff got on the southeast corner of the car and was facing north, the direction the car was to go to be unloaded. Demaree was at the brake pocket, where the foreman generally rode, and where it was his duty to use the brake. After proceeding some distance, Demaree ordered the car backed in order to avoid a freight train that was switching on that track. While running back at a rate of speed of from five to ten miles an hour Demaree without warning applied the brake with his foot which action checked the speed of the car, whereupon, plaintiff, as he claimed, lost his hold of the handlebar and fell back with his leg on the track. The front and hind wheels of the car both ran over his leg and then stopped at a distance of from six to twelve feet. The plaintiff was the only witness who testified in his behalf as to how he happened to fall from the car. On his examination in chief he stated as follows:

"We started to the yards and when we got pretty close to the switch there was a freight train on the house track, back of the depot, where we unloaded the stuff. The train was in there and started back towards us. Demaree ordered the car run back the other way. We ran back for a little ways and then the train stopped and pulled up on the main track. Then he told us to pump the car and get into the switch. We got up towards the switch pretty well and the train come back and he told us to pump the car back again and to pump like h—l . .

We started the other way and was going at a pretty high rate of speed and run back I suppose half way betwixt the Santa Fe and Burlington depots, and Demaree slapped his foot on the brake without warning and gave the car a sudden check and jerked me off the car in front and the car run over me. The front wheel of the car run across my leg and the hind wheel went right across my knee and I fell in front of it."

He further stated that warning was always given when the car was to be stopped. On cross-examination he stated:

"When the brake jerked me loose, I started backwards and I went to jump and get off the track and the car was coming towards me and of course I was like every one else, I was trying to get out of the way. Yes, Sir, I went to jump after it jerked me loose. I seen it was going to make me fall, but it caught me. I tried to jump southwest, but I did not jump at all. The handlebar knocked me off. . . . and knocked me down after this sudden jerk, after the car jerked my hands loose, and the car was coming on and it knocked me off in front of it. . . . The car didn't run but a few feet after I fell off. The car ran six or eight feet after it ran over me."

The contention of the plaintiff and appellant is that there was some evidence to support the verdict and that the action of the court in setting it aside on the ground that he did not make out a case, was error. Plaintiff's testimony on examination in chief was, as stated, that Demaree suddenly and without warning applied the brake, which had the effect of loosening his hold upon the handlebar and throwing him backward onto the track. On cross-examination, after equivocating to some extent, he became positive that he was jerked loose from the handle bar; and that after being so jerked loose he saw he was about to fall and attempted to jump, but was prevented from doing so by being struck by the handles and knocked off onto the track. It appears to us

that it was a physical impossibility for him to have been thrown from the car in the manner thus stated. As the handlebar was in front of him and he was falling backward and away from it, we cannot see how he could have been thus struck. It looks incredible. It may have been possible, but as the judge who tried the case was somewhat better qualified than we are to judge of the situation, we feel constrained to defer to his judgment.

The action of the court can be upheld on another ground stated in the motion for a new trial, viz.: "Because the verdict is against the evidence and against the weight of the evidence." The men who were with plaintiff on the handcar, except Demaree—who was dead—testified on the trial. One of them, named Livingston, stated that he did not notice any "unusual effect of putting on the brake." Another witness of the same name stated that, he did not notice the effect of the brake being applied at the time, and, "I did not notice anything unusual just before he fell off." Charles Maddox, another witness, stated: "Forest Demaree applied the brake. I do not think he did it in the usual way. I did not notice any unusual effect from its being applied. I do not know of any reason why Morelock should have fallen off." He further stated that plaintiff told him that "he stepped on some iron and it threw him off. He told me this shortly after it was done, in the presence of all the witnesses." Plaintiff, when recalled, failed to deny the statement of this last witness. Conceding that there was some evidence to support the verdict, the great preponderance thereof was in favor of the defendant.

Although the court assigned a wrong ground for granting a new trial this court will uphold the action of the trial court if it can find support on any other ground recited in the motion. [Hoepper v. Hotel Co., 142 Mo. 378; Milling Co. v. Transit Co., 122 Mo. 258; Millar v. Car Co., 130 Mo. 517; Hewitt v. Steele, 118 Mo. 463.]

In view of the fact that notwithstanding there may

have been, strictly speaking, some evidence tending to support the finding, yet it was of a character so unsubstantial that we do not think it ought to stand. We, therefore, hold that the court was not in error in setting aside the verdict on the ground assigned.

The plaintiff's position is, that if there was any evidence to support the verdict the court was in error for granting a new trial for the reason given. And in support of his position cites Gannon v. Light Co., 145 Mo. 502, and other cases to the same effect. But the rule in these cases has been modified by the Supreme Court in May v. Crawford, 150 Mo. 504. However that may be, there should be some substantial evidence to support a verdict. No court has ever held otherwise, to our knowledge. The cause is affirmed. All concur.