LEWIS ADAMS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. PLEADING: Carriers of Passengers: Assault by Brakeman: Instructions. A party cannot declare on one cause of action and recover on another, but this rule has no application where a party alleges that he was assaulted by a brakeman while he was a passenger, and the evidence shows that he was assaulted and ejected by the brakeman because he had no ticket, and plaintiff goes to the jury on the theory that though it may have been proper to eject plaintiff because he had no ticket, yet defendant was liable in case the brakeman used unnecessary force. The allegations that plaintiff was a passenger were unnecessary under the theory on which the case was submitted to the jury.

2. DAMAGES: Punitive Damages: Carriers of Passengers: Abuse by Brakeman. Where a brakeman in ejecting a person from a train, because he had no ticket, curses and abuses him and calls him vile names, this is sufficient to justify the assessment of punitive damages.

3. ———: ———: Assessment of Punitive Damages Contingent Upon Finding that Actual Damages were Suffered. The law is that unless some actual damage is suffered, punitive damages cannot be allowed. Punitive damages do not go as a matter of

. right, but the allowing of such damages is always discretionary and cannot be made the basis of a recovery independent of a showing which would entitle plaintiff to an award of actual damages.

4. ————: ————: ————: **Failure to Assess Actual Damages: Error Against Plaintiff.** In a case where a jury in finding the issue for plaintiff, and in assessing punitive damages, must have found facts to be true which would have entitled plaintiff to at least nominal damages assessed as actual damages, and when these facts were found, the omission by the jury to assess any sum as actual damages was error against plaintiff, which if he had appealed, would have resulted in a reversal of the judgment, but as to defendant it is an error in his favor and he cannot complain.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*W. F. Evans* and *Moses Whybark* for appellant.

(1) Issues cannot be raised or disposed of by instructions which are not made by the pleadings. Koenig v. Railroad, 173 Mo. 724; Nugent v. Milling Co., 131 Mo. 257; Merrett v. Poulter, 96 Mo. 237; McQuillin on Instructions, sec. 71; State ex rel. v. Land Co., 161 Mo. 673; Webb v. Carter, 121 Mo. App. 155; Link v. Vaughn, 17 Mo. 585; Bircher v. Boemler, 204 Mo. 563. (2) The plaintiff under the issues in the case was not entitled to exemplary damages. He was the aggressor. Lillis v. Railroad, 64 Mo. 464; Mitchell v. Railway, 125 Mo. App. 1; Ickenroth v. Transit Co., 102 Mo. App. 616; Farber v. Railroad, 166 Mo. 91; Norris v. Whyte, 158 Mo. 29; White v. Railroad, 132 Mo. App. 346; Logan v. Railroad, 77 Mo. 669; People v. Pearl (Mich.), 4 L. R. A. 710. (3) The verdict in this case gave the plaintiff no compensatory damages, but awarded him one hundred dollars punitive damages, and it should have been set aside. Hoagland v. Amusement Co., 170 Mo 335.

*Ward & Collins* for respondent.

(1) While it is true that the petition alleges that respondent entered upon the steps for the purpose of becoming and did become a passenger on said train, yet instructions do not have to be as specific as the petition. Hemphill v. Kansas City, 100 Mo. App. 563; Engleman v. Railroad, 133 Mo. App. 514; First National Bank v. Ragsdale, 171 Mo. 168. (2) Plaintiff was entitled to recover exemplary damages. Arnold v. The Savings Co., 76 Mo. App. 159; Summerfield v. Transit Co., 108 Mo. App. 718; Cooper v. Scyoc, 104 Mo. App. 414. (3) Appellant is not injured because respondent did not also receive compensatory damages. The error being against the respondent, the appellant cannot complain of it. O'Hara v. Light Co., 131 Mo. App. 428.

COX, J.—This is an action to recover damages for personal injuries to plaintiff alleged to have been caused by one of defendant's employees choking, shoving and knocking plaintiff from the steps of a passenger train operated by defendant. Trial by jury, verdict for plaintiff for punitive damages in the sum of one hundred dollars, and defendant has appealed.

The petition alleged that on the night of September 21, 1908, at Portageville, Missouri, a station of defendant's railroad, the respondent went upon the steps of the defendant's passenger train to go to St. Louis, and while he was on the steps and platform preparatory to entering a passenger coach, and while the train was in motion, the brakeman without warning choked, shoved and struck him, knocking him off the steps and platform of the train to and against the depot platform, wounding and bruising his right knee and otherwise injuring him; and that he was insulted and humiliated in consequence, by reason of which he sustained one thousand dollars actual damages and further claims one thousand dollars punitive damages.

The evidence on the part of plaintiff tends to show the facts to have been about as follows: On the night of September 21, 1908, respondent, Lewis Adams, went to the railroad station of appellant in the town of Portageville, New Madrid County, Missouri, for the purpose of taking passage on defendant's passenger train to the city of St. Louis. Appellant's train was due at Portageville about 1:09 a. m. Respondent got to the depot of appellant about ten minutes before train time, and immediately went into the ticket office of appellant in said depot and undertook to purchase a ticket to St. Louis, but the agent was not in, and he was unable to purchase a ticket. He then went out, sat down and was talking to one Vaughn until the train came up. After the train had stopped for the purpose of receiving passengers, respondent attempted to get on, but the brakeman refused to allow him to get on without a ticket. Respondent started back to the ticket office for the purpose of purchasing a ticket, but before he had even time to get to the ticket office of appellant, the train started to leave the station on its route to St. Louis. Respondent, seeing the train was leaving him, picked up his grip and started to get on the train. He got on the steps of the passenger coach, and just as he was undertaking to ascend the steps of the passenger coach, appellant's brakeman caught respondent by the throat, hit him with his fist, then knocked him off the steps and struck at him with his lantern and while assaulting him the brakeman cursed him and called him a vile name. When respondent was knocked off the steps, the train was moving, and by reason of being thrown from the steps on to the platform his right knee was skinned and bruised, and was sore for a week or two. The evidence further shows that when respondent first undertook to get on the train and was forbidden by the brakeman, he told the brakeman that he had money to pay his fare, took nine dollars out of his pocket and showed it to the brake-

man. The evidence for defendant contradicts plaintiff as to the circumstances of the assault.

The errors assigned necessary to be noticed here relate to the action of the court in giving instruction number one for plaintiff, and in refusing instruction number six for defendant, and overruling defendant's motion in arrest of judgment.

1. Instruction number one for plaintiff is as follows:

"The court instructs the jury that although you may find and believe that plaintiff had no ticket, and that defendant required a passenger to purchase a ticket before entering its cars, and that plaintiff attempted to enter defendant's car without a ticket, yet that fact alone would not give defendant's brakeman a right to use any unnecessary force in ejecting plaintiff; and if you find that defendant's brakeman willfully, violently and with unnecessary force choked and struck plaintiff, and ejected him from defendant's passenger coach step, and wounded or hurt him, then you will find the issues for the plaintiff."

The objection made to this instruction is that it is not warranted by the issues made by the pleadings. Defendant contends that as the petition alleges that plaintiff was a passenger on defendant's train at the time of the alleged assault he must prove that he was a passenger or fail in this action, and asserts that a party cannot declare upon one cause of action and recover upon another. The legal proposition asserted is sound, and needs no citation of authorities to support it, but we do not think the record of this case presents that situation. The petition after alleging that plaintiff was a passenger upon defendant's train proceeds as follows: "But plaintiff says that defendant, unmindful of its duties in the premises, in violation of law and in violation of its contract aforesaid, and in total disregard of the rights of plaintiff, while plaintiff was on the steps and platform preparatory to entering into a passenger

coach of said train, the brakeman, an employee of defendant, then and there in charge of said train, being at the time an agent and servant of said defendant, emerged from the coach and platform of said cars and train, and while said train was in motion, without a word of warning, choked, shoved and struck this plaintiff on and about the head, throat and other parts of plaintiff's body, thereby shoving and knocking plaintiff off the steps and platform of said train to and against the depot platform of defendant, causing plaintiff to strike said depot platform with great force and violence, and wounding and bruising plaintiff's right knee and otherwise injuring him."

Plaintiff's allegation is that the injuries for which he seeks to recover damages resulted from an assault made upon him by an employee of defendant, and, hence, the act on the part of defendant of which plaintiff complains is the assault alleged to have been made upon him, and this, then, was his cause of action, and the allegation that plaintiff was a passenger upon defendant's train at the time was an unnecessary allegation under the theory adopted by the trial court in this case, and the failure of plaintiff to prove that he was a passenger was not fatal to a recovery. Had he made that proof, then any "choking or striking" of him by the brakeman would have been an assault and entitled plaintiff to recover; but the trial court held that plaintiff had failed to make that proof, and then by the instruction complained of practically told the jury that the brakeman had the right to eject plaintiff from the train and that to warrant a verdict for plaintiff the jury must believe that the brakeman "wilfully, violently and with unnecessary force choked and struck plaintiff and ejected him from the defendant's passenger coach steps and wounded or hurt him."

On the part of defendant the court gave the following instruction:

1. "You are further instructed that under the issues in this case, the plaintiff was not a passenger, and not being a passenger, the defendant was not liable for any act done by its employees in forcibly preventing the plaintiff from entering upon its train, as such, if they did forcibly prevent him, unless they used more force than was reasonably necessary to do so, and at the time they used such force he was actually on the car."

These instructions taken together properly declared the law under the pleadings and evidence as applied to the theory upon which the case was tried and this assignment of error must be ruled against the appellant.

2.    Instruction number six asked by defendant and refused by the court was a peremptory instruction that if they should find for plaintiff they could not assess any punitive damages and amounted to a demurrer to the testimony as to that feature of the case.

If plaintiff's testimony that the brakeman cursed and abused him and called him a vile name while assaulting him is to be believed, it was sufficient, under all the authorities, to justify the assessment of punitive damages.

3.    Defendant insists that it had the right to require passengers to purchase a ticket before boarding its trains, and as plaintiff had no ticket it was the duty of the brakeman to eject him.    The trial court as already stated adopted that theory in the trial of the case so that question is now eliminated.

4.    The final contention is that the motion in arrest of judgment should have been sustained because the verdict will not sustain the judgment.    The verdict is as follows:

"We, the jury, find the issues for the plaintiff, and do assess to him the sum of ——— dollars for actual damages and do assess to him the sum of one hundred dollars for punitive damages."

The objection to this verdict is that as no actual damages were assessed there is no basis for the assessment of punitive damages.

The law is that unless some actual damage is suffered punitive damages cannot be allowed. Punitive damages do not go as a matter of right but the allowing of such damages is always discretionary and cannot be made the basis of a recovery independent of a showing which would entitle plaintiff to an award of actual damages, but if that showing is made, and the jury, to find for plaintiff at all, must find facts to exist which in law entitle the plaintiff to recover actual damages and the jury does find for plaintiff then the fact that in their verdict they fail to assess any actual damages is error against the plaintiff, and, hence, the defendant cannot complain. [O'Hara v. Gas Light Co., 131 Mo. App. 428, 446, 447, 110 S. W. 642. Hoagland v. Amusement Co., 170 Mo. 335, 70 S. W. 878; Miller v. Taylor, 85 Mo. App. 111.]

In this case, the court, by its instructions, required the jury, in order to find for plaintiff, to find "that defendant's brakeman wilfully, violently and with unnecessary force choked and struck plaintiff and ejected him from the defendant's passenger coach steps and wounded or hurt him," and the jury by finding the issues for plaintiff have found these facts to be true, and by so doing found that plaintiff was entitled to have, at least, nominal damages assessed as actual damages, and when these facts were found the omission of the jury to assess any sum as actual damages was error against plaintiff which if he had appealed, would have resulted in a reversal of the judgment, but as to defendant it is error in its favor, and, hence, it cannot complain. The judgment will be affirmed. All concur.