# WILLIAM W. RONEY, Appellant, v. JOHN E. ORGAN, Respondent.

### Springfield Court of Appeals, December 11, 1913.

1. **APPELLATE PRACTICE: New Trial: Properly or Improperly Granted: Appellate Court Determines What.** Upon the question whether or not the trial court committed reversible error in granting a new trial, the appellate court must decide whether the trial court granted a new trial for good cause shown, not whether defendant could complain of the verdict in the appellate court.

2. ————: **New Trial: Erroneous Reason Given for Granting: Effect.** An order granting a new trial which specifies a wrong reason will not be reversed by the appellate court, when it is shown that other valid reasons, alleged in the motion for a new trial, actually exist. But the burden is upon the respondent to show such other valid reasons.

3. **SLANDER: Imputing Perjury: What Sufficient.** Merely to say that one has sworn falsely in a court of justice, carries an imputation of perjury.

4. **SLANDER: Charging Perjury: Actionable per se.** The charge of perjury is actionable *per se.*

5. **DAMAGES: Slanderous Words: Actionable per se: Damages Presumed.** The law presumes damage from the publication of words actionable *per se.*

6. **APPELLATE PRACTICE: New Trial: Defect in Verdict: Disregarded When Harmless.** In an action for libel, the verdict for the plaintiff found exemplary damages only, without mentioning actual damages. The trial court granted a new trial because the form of the verdict was erroneous. *Held,* that such new trial should not have been granted in view of Sec. 1850, R. S. 1909, under the provisions of which the court shall not regard defects unless they affect the substantial rights of the parties.

7 **DAMAGES: Actual Damages: Allowance of.** Allowance of actual damages does not necessarily mean the fixing or designation of the amount of the allowance.

8. **DAMAGES: Actual: Punitive: Must be Ground for Actual Before Punitive Awarded: Rule: Reasons for.** The rule that punitive damages cannot be recovered in the absence of actual

damages, at least nominal damages, rests upon the principle that there can be no punitive damages where no cause of action exists warranting the award of actual damages. And the law has to do with substance rather than with form.

9. **COURTS: Presumptions as to Official Conduct.** It is always presumed that courts will pursue the proper course where the way is opened and the power invoked.

Appeal from Shannon County Circuit Court.—*Hon. W. N. Evans*, Judge.

REMANDED (*with directions*).

*J. D. Gustin* and *Wm. P. Elmer* for appellant.

The verdict and judgment for exemplary damages is good, although no actual or nominal damage is given. The only party to the record who could question a verdict of this kind is the plaintiff. The defendant is in no position to raise any objection to it. He cannot complain the verdict is for less than it should be. Lampert v. Drug Co., 141 S. W. 1097, and cases cited; Hoagland v. Amusement Co., 170 Mo. 345; Ferguson v. Publishing Co., 72 Mo. App. 462; Adams v. Frisco, 130 S. W. 50.

*G. C. Dalton, A. J. Arthur* and *Robert Lamar* for respondent.

(1) At least nominal damages must be found to warrant recovery of punitive damages. Brennan v. Paul, 83 S. W. 283, 108 Mo. App. 336; Hoagland v. Amusement Co., 170 Mo. 335. (2) Punitive damages may be awarded in a legal action, though only nominal damages are recovered. Lampert v. Drug Co., 141 S. W. 1097, 238 Mo. 412; Miller v. Taylor, 85 Mo. App. 115; Brennan v. Paul, 83 S. W. 283, 108 Mo. App. 336. (3) The trial court was on the ground, heard all of the testimony, both *pro* and *con* and observed the appearance of the witnesses and knows better than

anyone else what justice is in this case. Discretion in granting a new trial means an honest attempt, in the exercise of judicial duty, to see that justice is done to establish a legal right. Johnson v. Grayson, 130 S. W. 673, 230 Mo. 380.

FARRINGTON, J.—Action for libel filed in the Dent county circuit court. Change of venue to Shannon county. Trial by jury and verdict for plaintiff for one hundred dollars exemplary damages, nothing being said in the verdict as to actual damages. The circuit court granted defendant a new trial, specifying as the reason that the form of the verdict was erroneous. Plaintiff appealed from the order sustaining the motion for a new trial.

In his petition, the plaintiff alleges that he is now and for a long time has been a resident of Salem, Dent county, Missouri, and that the defendant is a resident of the same place and engaged in publishing a newspaper called "The Salem Monitor" which has a circulation in Dent county and several other counties in Missouri and in various States; that plaintiff was sworn as a witness and testified in the trial of an action in the circuit court of Shannon county wherein the city of Salem, at the relation and to the use of William W. Roney and Jesse Ward, was plaintiff, and W. W. Young was defendant, in September, 1911; that said defendant in said action, W. W. Young, advised and procured the defendant herein to publish, and that the defendant herein did publish in "The Salem Monitor" certain false, defamatory, malicious and libelous language of and concerning the plaintiff, to-wit: "The case of the city of Salem against W. W. Young on tax bill for building a sidewalk was tried before a jury in circuit court in Shannon county last week and resulted in a verdict for the city. A motion for a new trial was made and a notice of an appeal to the State Supreme Court was filed. The verdict of the jury was

probably influenced by the false testimony of one of the witnesses interested in the suit, and the April grand jury may investigate. This case was first decided in favor of Young here, Harry Clymer, special judge, but reversed and remanded by the Springfield Court of Appeals, and the end is not yet.'' The petition then averred that the person referred to in said publication was the plaintiff herein and that it was so intended by the defendant and that the readers of said newspaper should understand that the person referred to was the plaintiff, and that it was understood by the readers of said newspaper that the person referred to in said publication was the plaintiff. It is then alleged that said publication tends to expose plaintiff to public contempt and ridicule and deprive him of the benefits of business and social intercourse, and charges him with having committed the crime of perjury; that the publication was wantonly, wilfully and maliciously made and circulated as aforesaid to the great damage of the plaintiff. Actual damages in the sum of ten thousand dollars and exemplary damages in the sum of ten thousand dollars constitute the prayer.

As the case stands in this court, it is unnecessary to set out the answer or reply. The evidence and instructions are not contained in the abstract. The judgment is copied in the abstract, and in the judgment is recited the verdict, as follows: ''We the jury find the issue for the plaintiff in the sum of $100 as an exemplary damage against J. E. Organ. H. C. Adair, Foreman.''

Our question: Did the trial court commit reversible error in granting defendant a new trial? In answering this question, we are required to decide, *not* whether the defendant could complain of the verdict in this court, which was a question for decision in the case of Adams v. Railroad, 149 Mo. App. 278, 130

Roney v. Organ.

S. W. 48, but rather, whether the trial court granted a new trial for good cause shown.

The order granting a new trial states a specific reason to-wit, "that the form of the verdict is erroneous." The respondent, as the record is presented to us, has accepted this as being the only ground assigned for granting a new trial. He has not shown, as he might have done, that even though the trial court assigned a wrong reason for its action, yet there were errors committed during the course of the trial warranting the order granting a new trial. This court will not reverse an order granting a new trial which specifies a wrong reason when it is shown that other valid reasons—complained of in the motion for a new trial—actually exist. [Hewitt v. Steele, 118 Mo. 463, 472, 24 S. W. 440; Morelock v. Railway Co., 112 Mo. App. 640, 644, 87 S. W. 5.] But the burden is upon the respondent to show such other valid reasons. It is intimated in respondent's brief that the court granted the new trial because the verdict was against the weight of the evidence. The trial court had an undoubted right to do this, but the record presented to us shows it did not act on that ground, and neither the motion for a new trial nor the evidence are before us. Had this record shown that the order was based on the weight of the evidence, or any other ground assigned in the motion for a new trial which would be a valid reason to support the order, we would not disturb it in the absence of an abuse of discretion. But as the case is presented here, the order granting the new trial must stand or fall on the ground specified in the order, "that the form of the verdict is erroneous," and if that is found to be untenable, the order must be set aside. The cases of Morrison Mfg. Co. v. Roach & Greene, 104 Mo. App. 632, 637, 78 S. W. 644, and Ensor v. Smith, 57 Mo. App. 584, 589, hold that it is the duty of the appellant to bring up the whole record so that the court may see that there is no rea-

son assigned in the motion for a new trial justifying
the court in sustaining it, and that in the absence of
such showing the appellate court will presume there
was sufficient reason. The two cases last cited, how-
ever, cannot be recognized as authority since the Su-
preme Court has placed such burden upon the respond-
ent. [See, Crawford v. Stockyards Co., 215 Mo. 394,
402, 114 S. W. 1057; Millar v. Madison Car Co., 130
Mo. 517, 31 S. W. 574; Dale & Bennett v. Mining Co.,
110 Mo. App. 317, 320, 85 S. W. 929.]

Section 1850, Revised Statutes 1909, requires the
trial court in every stage of the action to disregard any
error or defect in the proceedings which shall not
affect the substantial rights of the adverse party.

In the case of Lampert v. Drug Co., 238 Mo. l. c.
415, 141 S. W. 1095, our Supreme Court said: "The
concensus of authority is to the effect that punitive
damages are not recoverable where no actual damages
are allowed." And it was held in that case, as it has
been in other Missouri cases, that exemplary damages
are recoverable where there are allowed only nominal
actual damages. Thus, in Favorite v. Cottrill, 62 Mo.
App. 119, the verdict was for one dollar compensatory
damages and a large sum as exemplary damages, and
in Ferguson v. Chronicle Pub. Co., 72 Mo. App. 462,
the verdict was for one cent actual damages and three
hundred dollars as exemplary damages. In Mills v.
Taylor, 85 Mo. App. 111, no actual damages were
assessed in the verdict, the finding being for the plain-
tiff accompanied by an assessment of exemplary dam-
ages in the sum of five hundred dollars. When the
verdict was returned the plaintiff requested the court
to give to the jury a further instruction directing it
to retire and correct its verdict by further finding for
the plaintiff nominal actual damages. The appellate
court held that the trial court erred in refusing to
direct the jury to correct its verdict for the reason
that in finding the issues for the plaintiff the jury found

that defendant had wilfully, wrongfully and wantonly seduced and debauched the former's wife, and that upon that finding plaintiff was entitled to have actual damages in some amount assessed in his favor. Nor is the case of Brennan v. Maule, 108 Mo. App. 366, 83 S. W. 283, helpful here. In our case, the plaintiff is satisfied with the verdict and desires that it stand. In the case of Hoagland v. Amusement Co., 170 Mo. 335, 70 S. W. 878, the jury gave plaintiff no actual damages, but gave him one cent punitive damages, and the plaintiff appealed, complaining of the form of the verdict; the jury expressly found (according to the opinion at page 345) that plaintiff was entitled to recover, that he had sustained no compensatory damages, but assessed punitive damages at one cent. The Supreme Court held that the jury in finding for plaintiff in effect found that defendants arrested the plaintiff, etc., and that upon such finding plaintiff was entitled to have actual damages in some amount assessed in his favor. The judgment was reversed and the cause remanded. In Courtney v. Blackwell, 150 Mo. 1. c. 277, 51 S. W. 668, according to the opinion, by some mischance in the form of the verdict which was given to the jury no place was left therein for the separate assessment of the actual damages, and the whole was returned in a lump sum, according to the form, as exemplary damages; to make clear, the form of the verdict was: "We, the jury, find for the plaintiff, and assess and award to her as exemplary damages, the sum of —— dollars." The jury filled in the sum. There was no finding at all in regard to actual damages. The court said: "The jury did find for the plaintiff, and in so doing found that the defendant had published the slander with which he was charged and upon that finding the plaintiff was entitled to have actual damages assessed in her favor, the slander being of that character from which the law implies such damages." In that case there was in fact a basis un-

der the instructions for the assessment of both actual and exemplary damages. (We assume in the case at bar, since appellant has not brought the instructions before us, that there was a basis under the instructions for the assessment of both actual and exemplary damages.) The Supreme Court in the Courtney case refused to disturb the judgment at defendant's request, holding that the error in the verdict was one of form and not of substance.

There is no doubt under the authorities that to say one has sworn falsely in a court of justice, without more, carries an imputation of perjury. [Krup v. Corley, 95 Mo. App. 1. c. 647, 69 S. W. 609; Perselly v. Bacon. 20 Mo. 331.] The charge of perjury is actionable *per se.* [Brown v. Knapp & Co., 213 Mo. 1. c. 682, 112 S. W. 474.] In the case just cited, it is said (1. c. 691): "Words charging another with a commission of a crime as heinous as perjury are actionable although they do not set forth the particulars of the offense in language necessary to make a good indictment." The law presumes damage from the publication of words actionable *per se.* [Vanloon v. Vanloon, 159 Mo. App. 255, 140 S. W. 631.] In the case at bar, the jury did find for the plaintiff, and in so doing found that the defendant had published the libel, and upon that finding the plaintiff was entitled to have actual damages assessed in his favor, the libel being of that character from which the law implies such damages. [Courtney v. Blackwell, supra, 1. c. 277.] The rule that punitive damages cannot be recovered in the absence of an allowance of some actual damages—at least nominal actual damages—would seem from the decisions in this State to rest upon the principle that there can be no punitive damages in the absence of a cause of action which would warrant the awarding of at least nominal actual damages. Otherwise stated: Where there is an utter failure of

176 Mo. App. 16

proof of any actual damages or a failure of the proof from which the law will imply at least nominal actual damages, or in a case where such proof has been made but there is a special finding by the jury that no actual damage was sustained (as in the case of Hoagland v. Amusement Co., supra), then a judgment for punitive damages alone is erroneous. On the other hand, when the verdict ignores the actual damages, but does find the issue for the plaintiff—i. e., in this case, that the libel was published—and it must therefore follow in law that some damage, either compensatory or nominal, has been sustained, the failure of the jury to fix or designate an amount will not defeat the assessed punitive damages where the plaintiff is not the complainant. It is the substance rather than the form that the law looks to. When such a case is made establishing a basis for actual damages, the substance is supplied, the foundation for punitive damages is laid, and the failure to fix the amount of actual damages is a mere defect of form. Allowance of actual damages does not necessarily mean the fixing or designation of the amount of the allowance. The case of Courtney v. Blackwell, supra, having been cited and quoted in later opinions of the Supreme Court upon this subject with no word of criticism, we feel that it is to be followed in the case at bar, especially, since the error complained of in the motion for a new trial would in this court be considered harmless to the party complaining.

With what grace, therefore, did defendant stand before the trial court on his motion for a new trial? If the jury had not been discharged, the trial court in all probability would have directed it to retire and correct its verdict by further finding for the plaintiff nominal actual damages, for such would have been the proper course to pursue under the authority of Mills v. Taylor, supra, and it is always presumed that courts will pursue the proper course where the

Weller v. Lumber Co.

way is open and the power is invoked. Defendant stood before the trial court on his motion for a new trial in much the same position as did the appellant in this court in the case of Adams v. Railroad, supra. Under the law, with the finding of the issue for the plaintiff, defendant's liability for at least nominal damages was established, and yet the defendant on his motion for a new trial in reality complained that he had not been obligated by the jury to pay over money, in some amount, which he was legally liable to pay. It is manifest that the trial court should have obeyed the mandate of the statute (Sec. 1850, R. S. 1909) and disregarded the defect in the verdict, as not affecting the substantial rights of the defendant.

For the reasons herein appearing, the cause is remanded with directions to the trial court to set aside its order granting a new trial and to reinstate the judgment which was rendered on the verdict. *Robertson, P. J.*, and *Sturgis, J.*, concur.