ARMIN, Appellant, vs. LOOMIS, Respondent.

*March 23 — April 12, 1892.*

*Attorney and client: Negligence: Court and jury.*

An attorney, after appealing a case from justice's court and having it continued over the term, negotiated a settlement with the other party by the terms of which his client was to pay a certain sum, which, however, the client neglected to pay.  The agreement of settlement, not being in writing, was void under the rule.  The attorney paid no further attention to the case or its settlement, and did not know whether his client had paid the sum agreed upon or not.  Not being noticed for trial at the second term, the appeal was dismissed for lack of prosecution, and the client was compelled to pay a larger sum on a subsequent settlement, and lost the benefit of his appeal.  *Held* that, as a matter of law, the negligence of the attorney was such that he was not entitled to recover for his services.

APPEAL from the Circuit Court for *Waukesha* County. The case is sufficiently stated in the opinion.

For the appellant there were briefs by *C. E. Armin, in pro. per.*, and *E. Merton*, of counsel, and oral argument by

*Mr. Merton.* As to the liability of an attorney for damages resulting from his negligence, they cited *Babbitt v. Bumpus,* 73 Mich. 331; *Fitch v. Scott,* 34 Am. Dec. 87; *Wilson v. Russ,* 20 Me. 421; *Pitt v. Yalden,* 4 Burr. 2060; *Kemp v. Burt,* 4 Barn. & Ad. 424; *Godefroy v. Dalton,* 6 Bing. 460; *Baikie v. Chandless,* 3 Campb. 17; *Laidler v. Elliott,* 3 Barn. & Cres. 738; *Nisbett v. Lawson,* 1 Ga. 275; *O'Barr v. Alexander,* 37 id. 195; *Cox v. Sullivan,* 7 id. 144; *Holmes v. Peck,* 1 R. I. 242; *Gilbert v. Williams,* 8 Mass. 51; *Pennington v. Yell,* 52 Am. Dec. 262; *Lynch v. Comm.* 16 id. 582. The question of negligence is one for the jury. *Evans v. Watrous,* 2 Port. 205; *Walker v. Goodman,* 21 Ala. 647; *Waldpole v. Carlisle,* 32 Ind. 415; *Dearborn v. Dearborn,* 15 Mass. 316; *Caverly v. McOwen,* 123 id. 574; *Hunter v. Caldwell,* 10 Q. B. 69; *Brazier v. Bryant,* 2 Dowl. Pr. 600; *Rhine v. Evans,* 66 Pa. St. 192; *Pennington v. Yell,* 6 Eng. (Ark.), 212; *Reece v. Righy,* 4 Barn. & Ald. 202; *Gagg v. Vetter,* 41 Ind. 228; *Greenleaf v. I. C. R. Co.* 29 Iowa, 14; *Abbett v. C., M. & St. P. R. Co.* 30 Minn. 482; *Donaldson v. M. & St. P. R. Co.* 21 id. 293; *Fletcher v. A. & P. R. Co.* 64 Mo. 484; *Callahan v. Warne,* 40 id. 131; *Central R. Co. v. Moore,* 24 N. J. Law, 824; *Gonzales v. N. Y. & H. R. Co.* 38 N. Y. 440; *Filer v. N. Y. C. R. Co.* 49 id. 47; *Rauch v. Lloyd,* 31 Pa. St. 358; *Westchester & Phil. R. Co. v. McElwee,* 67 id. 311; *Pittsburg, Ft. W. & C. R. Co. v. Evans,* 53 id. 250; *O'Neill v. C. & N. W. R. Co.* 1 McCrary, 505; *Delaney v. M. & St. P. R. Co.* 33 Wis. 67; *Elmore v. Hiles,* 51 id. 365. If there is any negligence in this case, it is the negligence of the defendant in not paying the money when the terms had been arranged for him to his satisfaction.

*T. W. Haight,* for the respondent.

ORTON, J. This action is brought by the plaintiff, as an attorney at law, against the defendant for services ren-

Armin vs. Loomis.

·dered in the case of one White against him in taking an appeal from the justice to the circuit court, in continuing the case, and in an attempted settlement thereof, valued at the sum of $25. The ·defendant had paid the plaintiff for his·· services in the case before the justice. The defendant answered, *first*, by a general denial; and *second*, by an allegation that the services of the plaintiff were so negligently and carelessly performed that they were of no value,— and asked judgment in his favor. The circuit court directed the jury to render a verdict in favor of the ·defendant, and this is an appeal from the judgment.

The case of the plaintiff, as stated by himself as a wit- ·ness, is substantially as follows: The plaintiff took the appeal, noticed the case for trial in the circuit court at the ·first term, and had the case continued over the term, as re- ·quested by the defendant. He then negotiated a settle- ·ment of the case with the attorney of White, on the pay- ·ment by the defendant of $25, and informed the defendant of it; and he assented to it, but neglected to pay the $25. ·This agreement of settlement with the attorney of White was oral, and void under the rule. The plaintiff paid no further attention to the case or its settlement, and did not know whether the defendant had paid the $25 or not; and so ·the case stood when the time arrived for noticing it for trial at the next second term of the appeal, and he failed to so notice the case for trial at that term or to have it continued. The consequence was that it was dismissed for not being brought to a hearing before the end of the second term after the filing of the return on the appeal, under sec. ·3766, R. S.; and the defendant was compelled to pay the plaintiff, White, $58 on a subsequent settlement of the matter, and he lost the benefit of his appeal, with costs.

· From these undisputed facts these conclusions naturally follow: (1) That the plaintiff ought to have entered into a *written* stipulation with the opposing counsel of the settle-

ment. (2) Having failed to do so, he ought to have been *sure* that the oral settlement had been consummated before the time for noticing the hearing of the appeal at the second term had passed, for he might have anticipated that after that the plaintiff, White, and his counsel would have done as they did,— refuse to take the $25 and demand more. (3) The neglect of the defendant to pay the $25 did not excuse this plaintiff, as his counsel, for not noticing the case and bringing it to a hearing or having it continued. (4) It was the plain and obvious duty of the plaintiff, as the attorney of the defendant, to have noticed the appeal for a hearing at the second term, and kept the case in court, and his neglect to do so was without any excuse or palliation. He was guilty of double negligence as an attorney of the defendant — *First*, in not having the stipulation of settlement in writing; and, *second*, in not noticing the case for trial. His negligence was *gross*, and the defendant was injured by it to the extent of losing his appeal and all the benefits of the plaintiff's services as his attorney. This is a very plain case. The plaintiff ought not to recover for his services, which were not only of no benefit, but which were an actual damage to the defendant.

The plaintiff claims that the question of his negligence ought to have been submitted to the jury. " When the material facts affecting the negligence are undisputed, and admit of no doubtful or opposing inferences, the question is one of law for the court." *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216. This is such a case on the testimony of the plaintiff alone. But the defendant testified that he specially directed the plaintiff to notice the appeal, so that it might be tried or continued if it was not settled, and he promised to do so. It was the plaintiff's duty to have done so without any such special direction or promise. The worst feature of this case is that the plaintiff, as an attorney at law, does not seem to be conscious that he neg-

lected any duty he owed the defendant as his client in that case.

*By the Court.*— The judgment of the circuit court is affirmed.