## HINCKLEY v. KRUG.

### No. 19,161; August 31, 1893.

#### 34 Pac. 118.

Attorney—Liability to Client for Negligence.—A client cannot recover of his attorney damages on account of negligence, in the absence of any injury to the client caused by such negligence.

Attorney—Action for Services—Negligence as Defense.—In an action by an attorney to recover for professional services, defendant claimed damages for incompetency and negligence, and there was evidence that he employed plaintiff to prosecute certain actions to judgment for a fixed sum in each case, and that plaintiff was discharged before judgment for negligence and incompetency, in failing to file lis pendens in two foreclosure suits. Held, that evidence that plaintiff explained to defendant the effect of filing and failure to file such notices, and the probable expense, and that defendant said he did not want to spend the money for filing them, was admissible.

Attorney—Action for Services—Negligence as Defense.—In such case it is not error to exclude evidence that part of the property covered by one of the mortgages plaintiff was employed to foreclose was conveyed by the mortgagor before, but the deeds were not recorded until after, the foreclosure suit was commenced, where it appears that the remaining property sold for enough to satisfy defendant's judgment.

Attorney—Action for Services—Negligence as Defense.—Where part of the services for which plaintiff seeks to recover consisted in examining the title to a lot, it is error to exclude evidence that, through the advice of plaintiff that the title was clear, defendant purchased the lot, and was afterward compelled to redeem it from a prior tax lien.

Attorney.—It is not Unprofessional Conduct on the part of an attorney to bring an action on a just claim against a nonresident, and serve summons by publication, when employed to do so, with the hope that possibly the defendant therein will pay the judgment obtained, on its being sent to the place where he resides, though such attorney knows such action cannot be maintained for want of jurisdiction.

Attorney—Suit for Services—Defense.—But if the attorney advised his client, in such case, that the service by publication was good and a valid judgment could be obtained, such attorney cannot recover for services rendered therein.

Attorney—Partial Payment of Fees—Manner of Crediting.— Where an attorney renders services in various matters, and the client makes a partial payment "on account of fees for legal services," the attorney cannot credit the money on certain items of his account so as to place them beyond controversy.[1]

APPEAL from Superior Court, Los Angeles County; J. W. McKinley, Judge.

Action by A. G. Hinckley against August Krug on an account for professional services rendered by plaintiff, as an attorney, for defendant. From a judgment entered on the verdict of a jury in favor of plaintiff, and from an order denying his motion for a new trial, defendant appeals. Reversed.

Lacey & Trask and D. K. Trask for appellant; A. G. Hinckley and Calvin Edgerton, for respondent.

---

[1] Cited in the note in 96 Am. St. Rep. 73, on application of payments.

14

TEMPLE, C.—This appeal was taken by the defendant from the judgment and from the order refusing a new trial. It is an action to recover $675 for services as attorney at law, alleged to have been rendered defendant "between the first day of June, 1889, and the first day of June, 1891, in prosecuting and defending suits, and for like services, at his request, in drawing, copying, and engrossing of divers conveyances, deeds, and other paper writings, and for divers journeys and other attendances," etc. The defense consists of a general denial and of six counterclaims for damages alleged to have been caused by the negligence and incompetency of plaintiff as attorney, and of a demand for $125, money due from plaintiff to defendant. The case was tried with the aid of a jury, which rendered a general verdict against defendant for $325. The defendant not only attempted to recoup damages resulting from alleged negligence and incompetency· of the plaintiff, but he claimed at the trial that such negligence and incompetency justified defendant in discharging plaintiff as his attorney, and that he was compelled to and did discharge him before the services were completed, and, further, that plaintiff had contracted to perform the services for a stipulated compensation for the entire services. Upon this point the court properly instructed the jury that under such circumstances, the contract being an entirety, plaintiff could not recover for his services. It is important to bear in mind, therefore, that the question of negligence is presented in two ways: First, on a claim to recover damages, and as a justification for the discharge of plaintiff as his attorney before the completion of the stipulated service. An action could not be maintained on account of the negligence or incompetency unless injury had resulted to the client, but the same negligence might ·justify and necessitate the discharge of the attorney, to avoid damage.

The first alleged error consists in an order striking out the first claim for damages, on the ground that the averments show that defendant was not injured. I think this ruling correct. It was averred that, in an action to foreclose a mortgage, plaintiff, through negligence, failed to file a notice of the pendency of the action. It appeared that no one acquired any interest in the mortgaged premises during the pendency of the suit; that defendant purchased the premises at the mortgage sale, paying the full amount of his debt and costs. It was not

alleged that he was ignorant of the defect, if it was a defect. Not having been injured, he could not maintain an action for the alleged negligence. There was evidence at the time tending to show that defendant had employed plaintiff as his attorney to prosecute certain actions to final judgment for a fixed and stipulated fee in each case, and that plaintiff had been discharged as such attorney, before the actions had been brought to judgment, for alleged negligence and incompetency, consisting partly in his failure to file such notices in two actions to foreclose mortgages for defendant. In regard to the matter the testimony of plaintiff and defendant was conflicting. Plaintiff testified: "Krug did not want to spend the money for filing them. I explained to him that, if no notice of action was filed, people who bought interests in the property could come in at any time and redeem. He said he did not want any such paper filed; the more people came in and redeemed, the better. I told him the expense in the Eddy suit would probably be four or five dollars for the lis pendens. I explained to him that he would have to have the title searched again before he took the decree, to see that nothing appeared of record, and if he decided not to file his lis pendens he would put me to that much extra trouble." The defendant testified positively that no such conversation occurred, and that nothing was said upon the subject; that he did not know that such a notice was required. Defendant objected to the testimony of plaintiff in regard to the conversation, and assigns the ruling admitting the testimony as error. The evidence was mainly directed to the question as to whether defendant was justified in discharging plaintiff as his attorney. While it may be doubted whether plaintiff sufficiently excused himself, I think the evidence was competent. Defendant complains, also, of certain instructions in regard to this matter, but the statement fails to show that any exception was reserved to the instructions at the trial.

At the trial defendant offered in evidence a certificate of sale for taxes of a certain lot assessed to one Lossing, in which it appeared that taxes had not been paid upon the lot for the fiscal year 1887; also, a tax deed to one Tring for the lot, on failure to redeem; also, to show that defendant held a mortgage upon this lot; that the mortgagor proposed to convey the property to defendant in full payment, which offer the

defendant accepted, provided he could get a good title, and employed plaintiff to examine it for him and to attend to the conveyance; that, through the advice of plaintiff that the title was clear, he took the deed, and then had to purchase the tax title, at a cost of $50. Plaintiff objected to this evidence on the ground that Lossing, the mortgagor, was admitted to be insolvent, and the tax lien was superior to the lien of the mortgage, and therefore defendant would have been compelled to redeem from the tax sale, even if he had foreclosed his mortgage. The objection was sustained and defendant excepted. It is not necessary to say whether this evidence was inadmissible to prove the claim for damages founded upon this charge of negligence. It was clearly admissible, as going to the value of plaintiff's services. The service was within the allegations of the complaint.

Defendant also offered to show that a portion of the property included in one of his mortgages which he employed plaintiff to foreclose, for which service plaintiff is seeking compensation in this action, had been conveyed before the suit to foreclose was commenced, but that the deeds had not been recorded. This evidence was offered to show damage from failure to file notice of the action. But under the supposed conditions, as the remaining property was sold for enough to satisfy the defendant's judgment, the notice would have had no effect upon the alleged purchasers before the institution of the suit: Code Civ. Proc., sec. 726. The evidence was properly excluded.

The defendant asked the court to give the following instruction: "If an attorney brings an action that he knows cannot be maintained, merely for the purpose of 'bluffing' and 'bulldozing' the defendant, he is guilty of unprofessional conduct, violates his oath as an attorney, and cannot collect any compensation for services rendered in such action"—which instruction the court refused to give and defendant duly excepted. Such refusal is assigned as error. Defendant had a money demand against Thacker, who was residing in Seattle, Washington. Thacker had no property in this state. A suit was commenced against Thacker by plaintiff, as defendant's attorney, and a summons was taken out and published. Plaintiff had agreed to prosecute the action to judgment for $50, but was discharged before judgment was entered. Both par-

ties testified in regard to the institution of the suit. Defendant said that plaintiff told him that such service would be good, and that the judgment could be sent to Seattle and collected there. Plaintiff said: ''I never intimated that we could get service of summons on them by publication when they were out of the state. There being no property in this state that we could levy upon, no attachment proceedings could be brought. I advised Mr. Krug against bringing the Thacker suits. I told him he could not recover anything on any judgment he might obtain. But, as he insisted on bringing the suit, I did the best I could. The object of the suit was not to recover any property, but was for a bluff—to bulldoze, embarrass and confound those defendants—and the publication of summons in that case was not for the purpose of getting service on the parties.'' And again: ''I made as much fun of it at the time as I could; tried to persuade him from it, saying that I didn't believe that it would have any effect whatever.'' Now, disregarding the motives stated by the witness, what was there in this that could ''bulldoze'' or confound the defendants? The action was believed to have been upon a just demand—a fact contrary to the first assumption in the instruction asked. There was a possibility that the defendants would appear, and perhaps other suppositions might be made which would justify the proceeding. But even if it were thought possible that, upon sending such a judgment to Seattle, defendants might pay it, it being a just demand, and no deceit being practiced, I see nothing unprofessional about it.

Defendant also asked another instruction which the court refused to give, and such ruling is also assigned as error. It was as follows: ''The court instructs you that the attempted service of summons on the defendants by publication, where defendants reside out of the state, and when no property is brought within the jurisdiction of the court by attachment or otherwise, or when the action is not brought to determine the status of a person, is ineffectual, and judgment thereunder is void; and if you find from the evidence that the plaintiff attempted to serve said defendants in said Thacker suit by publication, and brought no property under the jurisdiction of the court thereby, and if you believe from the evidence that plaintiff advised defendant that such service was good,

you must find against the plaintiff on his demand in said Thacker suit." I think this instruction should have been given. It is true an attorney is not always liable for mistakes, but here the plaintiff admits that he knew a judgment, under the circumstances assumed, would be invalid. The witnesses differ as to the facts, but the defendant had a right to have an instruction based upon the supposition that the jury would adopt his testimony. Plaintiff's counsel says they are not seeking to recover compensation for this service. But I think they are. It is clearly included in the complaint, and is found in the bill of particulars furnished by plaintiff. It is there marked "Paid."

It seems defendant made a payment of $125 generally "on account of fees for legal services." Plaintiff, in his bill of particulars, appears to have credited this upon certain items. He could not do this and thus retain the money and place those items beyond controversy. Besides, defendant claims to recover this money on a counterclaim. It would be a matter in controversy, even if in no other way. I think the judgment and order should be reversed and a new trial had.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and a new trial ordered.