ALICE STEELE, Respondent, v. ANCIENT ORDER
OF PYRAMIDS et al., Defendants; WILLIAM
E. BIRNEY, Appellant.

**Kansas City Court of Appeals, May 20, 1907.**

1. **JUSTICES' COURTS: Statements: Sufficiency of: $.** A statement set out in the opinion is held sufficient, since when figures are given in such connection that the meaning is unmistakable that dollars and cents are meant, it is not absolutely necessary that the dollar mark be prefixed.

2. **ACCOUNT: Employment: Evidence.** The evidence in regard to the employment by the appellant is held sufficient after verdict and the approval of the trial court.

3. **FRAUDS AND PERJURIES: Another's Debt: Original Undertaking.** The provision of the statute of frauds concerning the necessity for promise to pay the debt of another to be put in writing does not apply where the contract of the party charged is an original undertaking.

4. **TRIAL PRACTICE: Instructions Cured by Other Instructions.** Though an instruction for the plaintiff may be defective in not being complete, such defect is cured where the defendant's instructions properly and explicitly inform the jury of what it is necessary to find before they could charge the defendant.

Appeal from Jackson Circuit Court.—*Wm. B. Teasdale,*
Judge.

AFFIRMED.

*Noyes, Heath & Walls,* for appellant, filed an argument.

*James Fairweather,* for respondent, filed no briefs.

ELLISON, J.—This action was begun before a justice of the peace. It was appealed to the circuit court where plaintiff had judgment. The action is based on the two following papers filed with the justice on May 31, 1904, as follows:

"May 19, 1904.

"Kansas City Council Number One of Ancient Order of Pyramids,

"To Mrs. Alice Steele, Dr.

"Kansas City, Mo., July, 1902.

"To making over and fixing 17 robes
for above council at $3 per robe...$ 51.00

"Interest at 6 per cent............... 5.00

$56.00"

"Kansas City, Mo., May 19, 1904.

"Before James Fairweather, a justice of the peace in and for Kaw Township, Jackson county, Missouri.

Action on Account.................$ 51.00

Interest at 6 per cent............... 5.00

$56.00"

The trial court gave a peremptory instruction to find for all of the defendants except Birney and as to him the case was submitted to a jury. We regard the two pieces of paper as constituting one statement of plaintiff's cause of action and that it is sufficient, as such, before a justice of the peace. It plainly states what the action is for and does not lack in clearness to, in any degree, justify a claim that it could not be understood. When figures are given in such connection that the meaning is unmistakable that dollars and cents were meant, it is not absolutely necessary that a dollar mark be prefixed to such figures. But if it were, such dollar mark does appear in one statement of the total sum charged. The case of Moffitt West Drug Co. v. Johnson, 80 Mo. App. 428, and cases therein cited do not sustain defendant's criticism of the present statement.

The refusal of the trial court to sustain a demurrer to the evidence is the only question of moment in the case. Plaintiff stated in her testimony in her own

behalf that the making of the robes was done for the Ancient Order of Pyramids and that defendant Birney did not owe her personally. But she was evidently unacquainted with the legal effect or meaning of forms of expression and it is by no means clear that she intended to say that her claim was not against the defendant. By taking parts of her testimony disconnected from other parts, it seems clear that her claim is against the order and not the defendant, who was an officer of such order. But other portions of her testimony show that defendant employed her. She stated that her own labor was to be without charge, but that the money she paid out for assistance, etc., was to be repaid her. As appears on page eight of the abstract, she stated that defendant Birney and others told her that they would see that she got her money back, and that that was the employment she had for doing the work. She was asked that, "If any one owes you anything, it is the Kansas City Council No. 1?" But she would not say so. There is no question but that the officers of the lodge employed her and the only matter to determine was whether Birney as one of them made himself liable. We believe it was proper to submit the whole evidence to the jury as was done by the court.

The Statute of Frauds, section 3418, Revised Statutes 1899, concerning the necessity for promises to pay the debt of another to be put in writing to be binding does not apply where the undertaking or contract of the party charged is an original undertaking. In such case, the debt is the debt of party himself.

In this connection, objection is made to the incompleteness of plaintiff's instruction. Standing alone, it is subject to the criticism made in reference to what is necessary to charge one as on an original undertaking so as to escape the Statute of Frauds. But instruction number 5, for defendant, properly and explicitly informs the jury of what it was necessary to find before

they could charge this defendant with the claim. We regard the instructions, as a whole, as giving the jury plain directions as to the questions in the case. Nor do we discover any error in those refused for defendant. The jury considered that Mrs. Steele had paid out her own money in employing assistance in making the robes, and that the evidence made defendant liable therefor; and we do not feel, since the verdict has received the approval of the trial judge, that we are authorized to interfere.

The judgment is affirmed. All concur.