Barr v. Hays.

---

## LUCY BARR, Respondent, v. CHARLES T. HAYS, Administrator, Appellant.

### St. Louis Court of Appeals, April 8, 1913.

1. **APPELLATE PRACTICE: Appeal from Order Granting New Trial: Scope of Review.** Where an appeal is taken from an order granting a new trial, the appellate court is not confined to the grounds upon which the trial court sustained the motion, but may sustain the ruling upon any ground assigned in the motion.

2. ——: ——: ——. The trial court has a wide discretion in ruling on a motion for new trial, and the appellate court should not interfere with the exercise thereof, particularly where the motion is sustained on the ground that the verdict is against

the weight of the evidence; but this does not mean that the action of the trial court should be sustained where the new trial was granted through a mistake in construing the law.

3. **EXECUTORS AND ADMINISTRATORS:** Action for Work Performed: Implied Contracts: Instructions. In an action against the estate of a deceased person for services rendered as a domestic servant, *held* that there was evidence justifying the giving of an instruction, that if the jury should find that the services were rendered without expectation by plaintiff that she was to receive therefor anything other than her support and that the services were accepted by decedent with that understanding, their verdict should be for defendant.

4. **APPELLATE PRACTICE:** Binding Effect of Theory at Trial: Instructions. A party is bound by the theory he adopts at the trial, and where he has asked the judgment of the jury on a given issue, he will not afterwards be heard to complain because that issue was submitted; and hence, in an action against the estate of a deceased person for services rendered as a domestic servant, where, at the instance of plaintiff, the court instructed, that if there was no contract between plaintiff and decedent that the services should not be paid for or that plaintiff was only to receive her support therefor, then the verdict should be for plaintiff, plaintiff will not be heard to complain of the giving of an instruction, at the request of defendant, that if the services sued for were rendered by plaintiff without any intention of receiving compensation, other than her support, and were accepted by decedent with that understanding, she could not recover, inasmuch as both instructions submitted the same theory.

5. **NEW TRIAL:** Instruction Not Supported by Evidence: Weight of Evidence. In an action against the estate of a deceased person for services rendered as a domestic servant, the granting of a new trial to plaintiff on the ground that there was no evidence to support an instruction given for defendant to the effect that, if the services were rendered without any intention of receiving compensation, the verdict should be for defendant, was not equivalent to a finding that the verdict was against the weight of the evidence; for, in granting the same, the trial court had only in mind the propriety of the giving of the instruction in question.

6. **APPELLATE PRACTICE:** Appeal from Order Granting New Trial: Duty of Respondent. On appeal from an order granting a new trial, where the grounds assigned do not justify the ruling, the respondent has the burden of pointing out to the appellate court such other rulings as would justify the sustaining of the motion.

Barr v. Hays.

Appeal from Marion Circuit Court.—*Hon. William T. Ragland*, Judge.

REVERSED AND REMANDED (*with directions*).

*Reuben F. Roy* and *Hays & Heather* for appellant.

(1) The court erred in sustaining the plaintiff's motion for a new trial. It was sustained on the fourth ground stated in the motion. The court took the view that there was no evidence from which the jury could find that the plaintiff had been supported by the deceased during the time of the rendition of the services. (2) There was abundant evidence from which the jury had the right to infer that Priest "supported" the plaintiff. She lived in his house doing domestic service and had no independent source of support. That continued for fifteen years after he ceased to pay her anything—if he ever did pay her for any of the time before, and there is no evidence that he did. It would be the ordinary course of affairs for one in that position to get her food, shelter and clothing from him, and the law will so presume, especially when no account was kept. Watkins v. Donnelly, 88 Mo. 322; Ivy v. Yancey, 129 Mo. 501; Fitzgerald v. Baker, 85 Mo. 21; Richards v. Coal Mining Co., 221 Mo. 158; McCallister v. Ross, 155 Mo. 87; Smith v. Myers, 19 Mo. 433; Brand v. Ray, 156 Mo. App. 629. The instruction given at the request of the plaintiff contains the same view of the law as that contained in the instructions for the defendant. Such being the case, the error, if any, was invited by the plaintiff and is not reversible. She cannot complain of it. Berkson v. Railroad, 144 Mo. 211; Dunlop v. Griffith, 146 Mo. 283; Frankenthal v. Guardian Assur. Co., 76 Mo. App. 15; Gayle v. Mo. Car & F. Co., 177 Mo. 455; Cady v. Coates, 101 Mo. App. 147.

John G. Cable and Charles E. Rendlen for respondent.

(1) (a) Plaintiff having rendered the services sued for, the law presumes that she was to be paid therefor. Christianson v. McDermott Estate, 123 Mo. App. 453; Lillard v. Wilson, 178 Mo. 152, 153. (b) This presumption obtaining in the case at bar, it can only be met by evidence "that the services sued for were rendered by plaintiff without any intention of receiving compensation therefor other than her support, and that said services were accepted by John A. Priest (decedent) with that understanding." Appellant's instruction No. 1. If the relation of the parties is such that a presumption to pay arises from the mere acceptance of beneficial work, the defendant has the burden of overcoming the presumption by proof that the work was done gratuitously or for support and maintenance merely. Fitzpatrick v. Dooley, 112 Mo. App. 172. (2) The verdict is manifestly against the evidence and the greater weight of the evidence. This court will not disturb the order granting the new trial, when the verdict of the jury is against the weight of the evidence. Hoepper v. Hotel Co., 142 Mo. 378; Ittner v. Hughes, 133 Mo. 679; Bunyan v. Railroad, 127 Mo. 12.

ALLEN, J.—This is an action to enforce a claim against the estate of one John A. Priest, deceased. The plaintiff filed her demand in the probate court of Marion county for allowance against said estate of her claim for twenty-three years' work, labor and services alleged to have been rendered the deceased during the period from January 1, 1886, to January 1, 1909, at the rate of $2.50 per week, amounting for the entire period to $2990. Payment is credited upon the account up to January 1, 1894, in the amount of $1040, leaving an alleged balance due plaintiff of $1950.

Trial was had upon her claim in said probate court, and the balance claimed by plaintiff was allowed against the estate. Thereafter the administrator of the estate, Charles T. Hays, duly perfected an appeal to the Hannibal Court of Common Pleas; and thereafter the venue in the cause was, by consent of the parties, duly changed from the Hannibal Court of Common Pleas to the circuit court of Marion county, where the cause was tried before the court and a jury, resulting in a verdict for the defendant. Thereupon plaintiff filed her motion for a new trial herein, assigning various grounds for the motion; and the same coming on to be heard, said motion for a new trial was by the court sustained and a new trial granted, upon the ground that an instruction given on behalf of the defendant was not supported by any substantial evidence in the case. From this order granting a new trial, defendant administrator of said estate has duly perfected his appeal to this court.

The services alleged to have been rendered by plaintiff to deceased during his lifetime were those of a domestic servant, and alleged to have consisted of cooking, housework, washing and ironing, feeding stock, milking, etc. Plaintiff is a colored woman and for many years lived at the home of the deceased. The claim is for services alleged to have been rendered during the last fifteen years prior to the death of deceased. The evidence on behalf of plaintiff tended to show that she performed services of the character above mentioned for deceased during the fifteen years in question. There was some evidence tending to show that the deceased expected to pay her for her services. A witness for plaintiff, one Chinn, testified that deceased told him at one time that he couldn't pay the plaintiff just then, for the reason that he was too much in debt, but that he wanted plaintiff to stay at his home; that he couldn't help her very much then, that he had a mortgage on one of his farms, and that

he was not making enough on both of the farms owned by him to pay the interest on the debt, saying however, "But when I get out, when times are better and I can get through with that place over there, I will pay Lucy." This conversation was said to have been sometime in 1896 or 1897.

The evidence showed that defendant at the time last mentioned above owned two farms. One of them, upon which he lived, contained over two hundred acres and was free of incumbrance. The other farm, known as the "Sanders Place," contained about two hundred and forty acres, and was encumbered by a mortgage for about $2200. At the time of the alleged conversation with the witness Chinn, the deceased owed witness $250. The mortgage on the "Sanders Place" and this $250 was all the indebtedness of deceased at that time, so far as the evidence disclosed. This witness also testified that upon one occasion, shortly prior to the death of deceased, he went out to see deceased, and after talking with him about selling a horse, he and deceased started to go into the house; that Lucy, the plaintiff here, was on the porch and met them as they were going into the house and said: "Now, Mr. Priest, what are you going to do with me? When are you going to pay me my money?" That Mr. Priest said, "Well, Lucy, I am going to pay you. I want you to stay right here."

On behalf of defendant it was shown that the plaintiff was a large woman, afflicted with rheumatism, could not get around very well, and was not able to do much work; that she was not a cook, and that she did not do the feeding and milking at deceased's place. It was also shown that the washing and ironing for deceased and his family were done, to a considerable extent at least, by others. Plaintiff was an old servant in the family, and, during the period for which she claims, she received her food and lodging from deceased; and it did not appear that she had any income,

or that there was any other source from which she might obtain her clothing and other necessities. She, of course, did not testify. The defense was that plaintiff was kept at the home of deceased and supported by him in return for which she rendered some service, but that there was no intention of paying her regular wages therefor; that she was not able to perform services of any material value, but that she simply helped about the home in return for the support and maintenance provided by deceased. No contract of employment was shown, nor was it shown that deceased had ever paid plaintiff anything for her services beyond providing for her in his home.

There was nothing in the evidence from which it might be inferred that plaintiff was not to be paid wages for her services, beyond the facts and circumstances in evidence respecting the physical condition of plaintiff, the nature of the services performed, what she received in the way of support and maintenance, and the period of time over which the course of dealing in question extended without the assertion of any claim by plaintiff beyond that appearing by the testimony of the witness Chinn.

At the close of the evidence the following instruction was given on behalf of plaintiff:

"1. If the jury believe from the evidence that the plaintiff performed labor and service for John A. Priest and at his instance and request, then in the absence of any contract or agreement between said John A. Priest and plaintiff to the contrary, the law will imply a promise from said John A. Priest to pay the plaintiff for such work and labor what the same are reasonably worth. And if you further find from the evidence that the plaintiff, between the first day of January, 1886, and the first day of January, 1909, did perform labor and services for the said John A. Priest, *and that there was no contract or agreement between the said John A. Priest and plaintiff, that said serv-*

*ices should not be paid for, or that plaintiff was only
to receive her support therefor,* then you will find a
verdict for the plaintiff for such an amount, not to
exceed the sum of one thousand, nine hundred and fifty
dollars, as the evidence in the case satisfies you such
labor and services would reasonably be worth less any
amount you find from the evidence was paid by said
John A. Priest, or any one for him, to the plaintiff,
on account of such labor and services.''

The following instructions were given on behalf
of the defendant:

''1.  If the jury find from the evidence in the cause
that the services sued for were rendered by plaintiff
*without any intention of receiving compensation there-
for other than her support, and that said services were
accepted by John A. Priest with that understanding,*
then the plaintiff cannot recover, and the verdict should
be for the defendant.''

''2.  The jury are instructed that in determining
whether the services rendered by the plaintiff to said
Priest were rendered by her with the expectation on
her part of being paid wages for the same, they should
take into consideration all the facts and circumstances
in the evidence, and if the jury find that the plaintiff's
conduct in reference to said services during the rendi-
tion thereof was consistent with the intention on her
part that she should receive only her support without
wages therefor, and inconsistent with any expectation
on her part to receive wages therefor, then the verdict
should be for the defendant.''

We have italicized a portion of the instruction
given for plaintiff and of instruction No. 1, given on
behalf of the defendant.  Plaintiff's motion for a new
trial was sustained upon the ground that instruction
No. 1 given on behalf of defendant was not supported
by any evidence in the case.

The rule is well established in this State that upon
an appeal from an order sustaining a motion for a new

trial, the appellate court is not confined to the grounds upon which the lower court sustained the motion, but will take into consideration all of the grounds assigned in the motion for a new trial, and if the action of the lower court can be sustained upon any ground designated in the motion, the action of the court should be affirmed. [Graefe v. Transit Company, 224 Mo. 250, 123 S. W. 835; Chandler v. Gloyd, 217 Mo. 394, 116 S. W. 1073; Ittner v. Hughes, 133 Mo. 679, 34 S. W. 1110; Hawman v. McLean, 139 Mo. App. 429, 122 S. W. 1094; Whitsett v. Bank, 138 Mo. App. 81, 119 S. W. 999.]

It is equally well established that the trial court must be allowed a wide discretion in ruling on a motion for a new trial, and the appellate court is reluctant to interfere with the exercise of such discretion. [Terpenning v. Nicholls, 140 Mo. App. 505, 120 S. W. 688; Boulware v. Automobile Company, 152 Mo. App. 567, 134 S. W. 7; Fair v. Preston, 157 Mo. App. 324, 138 S. W. 73.] This is particularly true where the motion for a new trial has been sustained upon the ground that the verdict is against the weight of the evidence, or for something occurring during the trial, the effect of which lies peculiarly within the knowledge of the trial court. The rule, however, does not mean that the action of the trial court should be sustained in a case in which it is clear that the new trial was granted through a mistake in construing the law; though, even then, its action should be affirmed if it can be supported upon any other ground of the motion. [Richter v. Railroad, 145 Mo. App. 1, 129 S. W. 1055; Crawford v. Stockyard's Company, 215 Mo. 394, 114 S. W. 1057.]

In the case before us, the learned circuit judge granted the new trial solely upon the ground that instruction No. 1 given for the defendant, set out in full above, was not supported by any substantial evidence in the case. This instruction tells the jury that, if they

believe from the evidence that plaintiff's services were rendered without any intention of receiving compensation therefor other than her support, and that the same were accepted by deceased with that understanding; then plaintiff cannot recover. We have not undertaken to set out the evidence in detail, but a careful examination of the record convinces us that there was at least some evidence from which the jury might infer that the services in question were rendered without expectation that plaintiff was to receive therefor anything other than her support.

But, however this may be, we think it clear that the error, if any, in giving this instruction was invited by plaintiff, and that she cannot in any manner complain thereof. A party is bound by the theory that he adopts at the trial; and where he has asked the judgment of the jury on a given issue, he will not afterwards be heard to complain because that issue was submitted. [Rourke v. Railroad, 221 Mo. 46, 119 S. W. 1094; Smart v. Kansas City, 208 Mo. l. c. 204, 105 S. W. 709; Gayle v. Car & Foundry Company, 177 Mo. l. c. 455, 76 S. W. 987; Dunlap v. Griffith, 146 Mo. l. c. 292, 47 S. W. 917; Berkson v. Railway Company, 144 Mo. 211, 45 S. W. 1119; Vromania Apartments v. Goddman, 145 Mo. App. 653, 123 S. W. 543.] From that portion of the instruction given for plaintiff which we have italicized above, it is seen that the jury were thereby told that plaintiff could recover only in case the jury should find that there was no contract or agreement between deceased and plaintiff that the latter's services should not be paid for, or that plaintiff was only to receive her support therefor. By defendant's instruction No. 1 the jury were told, in effect, the same thing, i. e., if plaintiff rendered the services in question without any *intention* of receiving compensation therefor other than her support, and that the same were accepted by deceased *with that understanding,* then plaintiff could not recover. The language is, of

course, slightly different but the meaning is substantially the same. Plaintiff requested this instruction upon the theory that the jury, in order to find for plaintiff, must find the absence of any such contract or agreement referred to. Defendant's instruction told the jury, in effect, that if they inferred the existence of such contract or agreement (saying if the intention and understanding of the parties was such) the plaintiff could not recover. Plaintiff limited her right to recovery in the manner indicated above. She adopted this theory, and requested an instruction submitting this issue to the jury. We cannot understand then how plaintiff could possibly have been prejudiced by the giving of the instruction in question for defendant.

It is argued by learned counsel for respondent that because the trial court took the view that there was no evidence to support instruction No. 1 given on behalf of defendant, the action of the trial court in sustaining the motion for a new trial on this ground was, in effect, sustaining the motion upon the ground that the verdict was against the weight of the evidence. This we think is clearly a *non sequitur*. A ground of the motion was that the verdict was against the weight of the evidence; but the court did not place its ruling upon that ground. Furthermore, if in the opinion of the trial judge there was no evidence to support defendant's instruction in question, then, in his opinion there was nothing for him to weigh, so far as concerns the evidence upon the issue presented by that instruction. [See Crawford v. Stockyards Company, l. c. 402-404, supra; Richter v. Railroad, l. c. 7, supra.] It is evident that the learned circuit judge in granting the new trial had in mind only the propriety of giving the instruction in question, and it cannot be said that he weighed the evidence and sustained the motion for a new trial upon the ground that the verdict was against the weight thereof.

As we have said above, though the ground specified by the lower court in granting a new trial may not justify the same, yet its action should be sustained if it can be justified on any other ground of the motion. In such case, however, the burden is upon the respondent to discover and point out to the appellate court such other error or errors as would justify its sustaining the ruling of the lower court. [Crawford v. Stockyards Company, supra, l. c. 402.] Learned counsel for respondent have not pointed out to us any other error for which we might affirm the ruling below, and a careful examination of the record does not reveal any. In our opinion the case was fairly tried, and no error was committed which would justify the court in setting aside the verdict and granting a new trial. Under these circumstances it would manifestly be unjust to deprive the defendant of the benefit of the verdict received at the hands of the jury.

The judgment is reversed and the cause remanded to the circuit court with directions to reinstate the motion for a new trial, overrule it, and enter judgment for the defendant on the verdict. *Reynolds, P. J.,* and *Nortoni, J.,* concur.