LEWIS C. GABBERT and ORESTOS MITCHELL, Co-partners, Appellants, v. ALABAMA C. EVANS, Respondent.

Springfield Court of Appeals, May 12, 1914.

1. **STATUTE OF FRAUDS: Debt or Default of Another: What an Original Promise.** A promise by an executrix, who was sole beneficiary of the estate, to pay attorneys employed by her individually to defend a claim against the estate was an original promise not required to be in writing. (Sec. 2783, R. S. 1909.)

2. **APPELLATE PRACTICE: Verdict: Setting Aside: Weight of Evidence.** Appellate courts do not set aside verdicts as against the weight of evidence and in the absence of some showing that the trial court did so, the appellate court will not assume that it did.

Gabbert v. Evans.

3. ————: New Trial: Grounds: Specifying. A party relying on some valid ground for sustaining a motion for a new trial other than that specified by the court, must discover and point out such ground.

4. ATTORNEY AND CLIENT: Negligence of Attorney in Trial of Case: Difficulty in Determining. Whether defendants attorneys were negligent in failing to introduce evidence *held* not determinable where all the facts and the whole situation as it presented itself to the attorneys were not before the court.

5. ————: Attorney's Authority: Theory of Case. In an action by an attorney for attorney's fees which was defended on the ground of attorney's negligence in the conduct of the case, during the progress of the trial defendant, by her attorney, informed the court that the only negligence complained of was a failure to perfect an appeal in the case in which plaintiff's attorney had represented her. Defendant was bound by this statement and is held to the same theory in the appellate court.

6. ATTORNEY AND CLIENT: Skill Required of Attorney. An attorney who undertakes the management of business committed to his charge, thereby impliedly represents that he has the skill and will exhibit the diligence ordinarily employed and possessed by well-informed members of his profession in the conduct of business such as he has undertaken.

7. ————: Skill Required of Attorney: Error of Judgment. While an attorney must be acquainted with the statutes and the settled rules of law and practice in the courts in the locality in which he practices and is responsible for loss to his client resulting from ignorance thereof, yet an error of judgment upon a controverted point of law does not render him liable for damages resulting from such error.

8. ————: Action by Attorney for Services: When No Recovery. When the services of an attorney are of no avail to the client on account of the attorney's lack of ordinary skill and diligence, he cannot recover compensation for such services.

9. ————: Action by Attorney for Compensation: Questions of Law. Action by attorney for compensation for legal services. Defended on the ground of negligence. Where the sole question was as to the sufficiency of an affidavit for appeal which the attorney had prepared, the question of negligence or want of skill is one of law.

10. ————: Question for Jury: Expert Evidence. It is a question for the jury, on expert evidence only, whether a certain act, as the filing of an affidavit for appeal in certain form shows that the attorney is not possessed of ordinary skill.

11. ————: Skill Required of Attorney: Actions for Negligence: What Must Be Shown. In order to render an attorney liable for damages or to defeat his recovery for his services on the ground of negligence or want of skill, it must be shown that the alleged act of negligence worked injury and loss to his client and it is incumbent on the client to establish that fact.

12. APPELLATE PRACTICE: Appeal: Writ of Error. While a writ of error is denominated a new suit and an appeal is a continuation of the former one, yet for all practical purposes the one is as effective as the other in having errors of the trial court corrected by an appellate court.

13. ATTORNEY AND CLIENT: Action for Services: Defense. Granting that an insufficient affidavit for appeal was filed by an attorney, this would not defeat recovery for his services, where the client employed and consulted another attorney to advise further in the conduct of the case and that attorney compromised and settled the case, there being abundant time to have had the judgment reviewed by writ of error.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. McAntire,* for appellants.

(1) The court alone must say what is and what is not negligence. The facts were admitted. There was nothing relating to the defense of negligence to be submitted to the jury. Tarwater v. Railroad, 42 Mo. 193; Vickers v. Same, 42 Mo. 198; Yarnell v. Railroad, 75 Mo. 575. (2) The affidavit for an appeal was sufficient. It followed the statute *in haec verba.* There was surplusage in the unnecessary preamble to the affidavit, but that did not restrict the meaning of the affidavit itself. R. S. 1909, sec. 2040. (3) The appellate courts of this State have not been technical but liberal in the construction of affidavits for appeal. Perkins v. Mason, 105 Mo. App. 315; Yost v. Silvers, 138 Mo. App. 524; Ruth v. McPherson, 150 Mo. App. 694; DeBalt v. Railroad, 123 Mo. 496. (4) The defendant was occasioned no damage by reason of her

attorney filing such affidavit for appeal, though this court should hold same to be defective and insufficient to perfect appeal. Her right to writ of error remained unimpaired, every step having been taken to preserve the record. R. S. 1909, sec. 2043; Brill v. Meek, 20 Mo. 358; Chinn v. Davis, 21 Mo. App. 363. (5) An attorney is liable in damages only, for such neglect of his professional duty as in its legal effect works injury to his client and this injury must be clearly established. There was no injury established to the defendant in the case at bar. Thompson on Negligence, sec. 6698; Jackson v. Clopton, 66 Ala. 29; Palmer v. Ashley, 3 Ark. 75; Knave v. Baird, 12 Ind. 318; Harter v. Morris, 18 Ohio St. 492.

*Edward E. Sapp* and *H. W. Currey,* for respondent.

(1) On appeal from an order sustaining a motion for new trial, this court cannot reverse unless it can say the trial court abused its discretion; and, if there is any theory on which the trial court's judgment, or order, sustaining a motion for new trial can be justified its judgment must be sustained. Gates City Nat. Bank v. Boyer, 161 Mo. App. 143; Lorenzen v. Railroad, 249 Mo. 182; Aaron v. Railroad, 159 Mo. App. 307; Hopkins v. Springfield, 164 Mo. App. 682; Allen v. Railroad, 167 Mo. App. 498. (2) On an appeal from an order sustaining a motion for new trial, every assignment of error set forth in the motion for new trial is before the appellate court and must be considered by it, and this, notwithstanding the fact, that the trial court has set forth, in its order, the specific grounds on which it sustained the motion for new trial. Gibson v. Ducker, 170 Mo. App. 135; Peper v. Peper, 241 Mo. 260; State ex rel. v. Thomas, 245 Mo. 65; Wears v. Weisberg, 163 Mo. App. 580. And the appellate court is not confined to the ground upon which the

lower court sustained the motion, but may sustain it upon any grounds therein set forth. Barr v. Hays, 172 Mo. App. 591. (3) Plaintiff's contract of employment bound him to bring to the trial of the case the professional knowledge and diligence which members of the legal profession ordinarily bring to the trial of suits of this nature. This obligation, the law writes into his contract of employment, whether by defendant, as executrix or otherwise. Plaintiff admitted that he filed an insufficient and defective affidavit for appeal—one that would not be filed by a careful lawyer with a fair knowledge of Missouri Statutes, and by his own evidence admitted that he was negligent. 4 Cyc., p. 956, title "Duties & Liabilities of Attorneys." Drair v. Hogan, 50 Calif. 121; Pennington v. Yell, 11 Ark. 227, 52 Am. Dec. 262; Gilbert v. Williams, 5 Am. Dec. 77; Gaar v. Hughes, 35 S. W. 1092; Marsh v. Whitmore, 21 Wall. 178; Babbitt v. Bumpus, 73 Mich. 331, 41 N. W. 417; Hillegass v. Bender, 78 Ind. 225; Goodman v. Walker, 30 Ala. 482, 68 Dec. 134; Citizens, etc., Ass'n v. Friedley, 23 N. E. 1075. (4) Where the law writes into a contract for service, an obligation of peculiar faithfulness, and especial knowledge and skill, and such peculiar faithfulness springs from the character of the service and such knowledge and skill are the inducing cause for the contract of employment, any failure to enforce the requisite degree of faithfulness or of skill and diligence is a breach of the contract and precludes a recovery on the contract of employment. Peterson v. Moyer, 46 Minn. 468, 49 N. W. 245; Tussey v. Owens, 56 S. E. 128; Dermott v. Jones, 23 How. 512; Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845; Armin v. Loomis, 82 Miss. 86, 51 N. W. 1097. (5) If the law writes into the contract an agreement of the plaintiff that he possessed the knowledge and skill that lawyers ordinarily bring to professional duties, and also an agreement to use the diligence which lawyers ordinarily use in such mat-

ters as appealing cases to the court of appeals, and if, ordinarily, lawyers file proper affidavits for appeal, then plaintiff cannot recover because he proved by his own testimony that he failed to perform his contract. Cann v. Rector, 111 Mo. App. 182; Veatch v. Norman, 109 Mo. App. 394.

STURGIS, J.—In this case the defendant is resisting the payment of an attorney fee and personal expenses, alleged to be due to plaintiffs, a firm of St. Joseph lawyers, in defending a suit originating in the probate court of Atchison county, Missouri. The plaintiffs claim that defendant, who was executrix of the estate of W. W. Hudgens, deceased, employed them to defend a claim for $2000, presented against said estate by J. W. Young, agreeing to pay plaintiffs a fee of $500 and the necessary personal expenses of plaintiffs in attending court, etc., in connection therewith. The answer sets up that defendant did not contract personally with plaintiffs but only on behalf of the Hudgens estate, in her capacity as executrix; that such fee was by the contract to be contingent on plaintiffs' success in defending against said claim; and that plaintiffs were negligent in defending against said claim and did not use that professional knowledge and skill which they as attorneys were required to use in conducting such defense, resulting in losing the case and having the claim allowed against the estate for $1500 on appeal and trial in the circuit court, and in compromise of which defendant, as executrix, was compelled to pay $900. The amount of plaintiffs' fee is not in dispute.

After the evidence was all in, the court submitted the case to the jury on the issues of whether the employment of plaintiffs was contingent or absolute and whether by defendant individually or as executrix on behalf of the estate. The evidence on these points was conflicting and the jury found for plaintiffs in the sum of $501 on instructions free from error and of which

defendant makes no serious complaint. There is only one point in connection with these defenses that needs mention which is that, as plaintiffs' employment was in behalf of the estate, it is contended that any promise by defendant to pay same personally is an agreement within the Statute of Frauds and must be in writing under the first clause of section 2783, Revised Statutes 1909. This promise, however, as thus resolved by the jury, is not a promise by an executor to answer for an existing or previously incurred debt of the estate but is an original promise by the defendant, who, it is shown, was the sole beneficiary of the estate; and such agreement is not within the statute. [George & Lowe v. Williams, 58 Mo. App. 138, 140; Steele v. Order of Pyramids, 125 Mo. App. 680, 682, 103 S. W. 108.]

The trial court instructed the jury that there was no sufficient evidence to constitute a defense on the ground of negligence of plaintiffs in the performance of their duties as attorneys in defending the case in which they were employed. After the return of the verdict for plaintiffs on the issues submitted, the trial court sustained defendant's motion for new trial, specifying as the reason for so doing that the court erred in withdrawing the defense of negligence from the jury and refusing to give instructions relating to such defense. It is from this order that plaintiffs have appealed.

The defendant invokes the doctrine that this court, in determining whether the trial court properly granted a new trial, is not confined to the ground or grounds specified by the court for so doing but must inquire into all the grounds mentioned in the motion therefor and sustain the court's action if any such grounds are found sufficient. [Barr v. Hays, 172 Mo. App. 591, 599, 155 S. W. 1095, and the cases there cited.] It is suggested that the motion for new trial ought to be

sustained on the ground that the verdict is against the weight of the evidence on the issues submitted to the jury; and, since appellate courts rarely interfere with the discretion reposed in trial courts in determining the weight of the evidence on such motions, we should not do so here. This assumes that the trial court did weigh the evidence and exercise its discretion, while there is nothing in this record to indicate that it did so. This court does not set aside verdicts as against the weight of the evidence and, in the absence of some showing that the trial court did so, we cannot assume that it did. [Richter v. Railroad, 145 Mo. App. 1, 6, 129 S. W. 1055; Barr v. Hays, 172 Mo. App. 591, 601, 155 S. W. 1095; Roney v. Organ, 176 Mo. App. 234, 161 S. W. 868, 869.] Moreover, where a party relies on some valid ground for sustaining the motion other than that specified by the court, he must discover and point out such ground and that has not been done here. [Crawford v. Stock Yards Co., 215 Mo. 394, 402, 114 S. W. 1057; Roney v. Organ, supra.] It follows, therefore, that if the action of the trial court in granting the new trial is to be sustained at all, it must be on the ground set forth in the record, to-wit, in withdrawing the question of plaintiffs' negligence from the jury and not submitting the same on instructions asked by defendant.

There are several acts of negligence or want of professional skill specified in the answer and hinted at in defendant's evidence. The case of Young v. Estate of Hudgens, in the defense of which plaintiffs were employed, was tried in the probate court of Atchison county and again on appeal in the circuit court. Defendant claims that plaintiffs were negligent in not putting in evidence then at hand on the trial in the probate court, but, instead, rested the case on the evidence introduced by claimant. As to whether a defendant should introduce evidence on his behalf or submit the case on the weakness of plaintiff's evidence is one

depending largely on sound judgment applied to the particular facts and is often difficult of solution. Without knowing all the facts and the whole situation as it presented itself to plaintiffs as attorneys for the estate, no person, much less an average juror, could say whether or not a failure to introduce such evidence showed negligence or want of professional skill. Such facts and situation were not before the jury nor are they in this record. When the case was tried in the circuit court, it would seem that plaintiffs yielded to defendant's insistence that the evidence on their side be introduced and it was introduced with the result that a verdict larger by $500 than that in the probate court was rendered there. This would indicate that plaintiffs' judgment was sound in this matter.

However that may be, we are relieved of considering any matter tending to show negligence or want of professional skill of plaintiffs in the conduct of that suit, other than the one matter of failing to file a sufficient affidavit for appeal from the judgment for $1500, rendered against the estate in the circuit court. During the progress of the trial of the present case, defendant, by her attorney (which by the way she might think was negligence on his part) distinctly informed the court that the only negligence complained of was the failure to perfect the appeal. Thereafter, the case proceeded on that theory and it needs no citation of authorities to show that defendant must be held to the same theory here.

Attending to this point, the evidence is that plaintiffs, without any particular instructions from defendant as to appealing the case of Young v. Estate of Hudgens from the circuit court to the Kansas City Court of Appeals, prepared and filed for that purpose the following affidavit for appeal: ''State of Missouri, County of Buchanan, ss. Comes now Lewis C. Gabbert, the agent of the above-named Ala Evans, the executrix of the above-named estate, and for and on behalf of

said defendant makes this affidavit for an appeal to the Kansas City Court of Appeals from the decision of the court overruling defendant's motion for new trial, and after being duly sworn, upon his oath states that this appeal is not made for vexation or delay but because the affiant believes the appellant is aggrieved by the judgment and decision of the court. (Signed) Lewis C. Gabbert. Subscribed and sworn to,'' etc. It is conceded that every other step, inclusive of taking proper steps to file a bill of exceptions, necessary to have the case properly reviewed by the Kansas City Court of Appeals was duly and properly taken; but it is claimed that this affidavit is so defective that it conferred no jurisdiction on the appellate court.

We are inclined to think that, as the affidavit asks for an appeal from the decision of the court overruling the motion for new trial instead of from the final judgment and decision of the court, the affidavit is not sufficient to take the case to the Court of Appeals and, without so holding, we shall so treat it. We will also agree that plaintiffs' contract of employment required them to bring to and use in the trial of Young v. Estate of Hudgens the professional knowledge and diligence which members of the legal profession ordinarily possess, 4 Cyc. 956; or, as it is expressed in Citizens' Loan Assn. v. Friedley (Ind.), 23 N. E. 1075: "An attorney who undertakes the management of business committed to his charge thereby impliedly represents that he possesses the skill, and that he will exhibit the diligence, ordinarily possessed and employed by well-informed members of his profession in the conduct of business such as he has undertaken.'' As defining, to an extent, what is the ordinary professional knowledge which ought to be possessed by a practicing lawyer, it is said in 4 Cyc. 965: "An attorney must be acquainted with the statutes and the settled rules of law and practice in the courts prevailing in the locality wherein he practices, and is responsible for loss to his client

resulting from ignorance thereof. But an error of judgment upon a controverted point of law does not render him liable for damages resulting from such error."

Respondent's counsel say that the leading case on the subject of the duties of an attorney and his liability for negligence is Penington v. Yell, 11 Ark. 212, 56 Amer. Dec. 262, but that case holds that an attorney is only liable for *gross* negligence, as does many other cases. [See Babbitt v. Bumpus, 73 Mich. 331, 41 N. W. 417; Hillegass v. Bender, 78 Ind. 225, 227.] It is held, however, in Gambert v. Hart, 44 Cal. 542, 552, that the weight of authority is that an attorney is liable for lack of *ordinary* skill and diligence and such we think should be the law. [See 4 Cyc. 957.] It is certainly good law to say that, when the services of an attorney are of no avail to the client on account of his lack of ordinary skill or diligence, he should not be allowed to collect pay for such services. [Hinckley v. Krug (Cal.), 34 Pac. 118; Armin v. Loomis (Wis.), 51 N. W. 1097.]

We also think that, as the only question of negligence in this case is the sufficiency of the affidavit for appeal, there is no disputed question of fact to be solved by a jury and, under such circumstances, the question of negligence or want of skill is one of law. "In actions of this character against attorneys, the rule is well settled that when the facts are ascertained, the questions of negligence or want of skill is a question of law for the court. But there is a considerable conflict in the authorities as to the degree of diligence and skill to which an attorney shall be holden and for which the law implies that he contracts with his client." [Gambert v. Hart, 44 Cal. 542, 552. See, also, Seefeld v. Railroad (Wis.), 35 N. W. 278; 5 Thompson on Negligence, sec. 6698.] We also think that it is a question for the jury, on expert evidence only, whether a certain act, as the filing of an

affidavit for appeal in the form here shown, shows that a lawyer is not possessed of ordinary professional skill. [State ex rel. v. Seavey & Flarsheim, 137 Mo. App. 1, 10, 119 S. W. 17.] This but follows the general rule that where the facts are admitted the question of negligence is one for the court. [Tarwater v. Railroad, 42 Mo. 193; Yarnall v. Railroad, 75 Mo. 575, 583.] It might have relieved the trial court and this court also of some difficulty to have left the question of the sufficiency of this affidavit for appeal to a jury. Learned counsel differ on that question and it is not free from difficulty with us. The question, however, must be one of law for the court were it necessary to be decided. It would seem also that the question of negligence or not is one of such doubt as to come within the rule that an error of judgment upon a controverted point of law does not render an attorney liable for damages resulting therefrom. [4 Cyc. 965; Babbitt v. Bumpus, 73 Mich. 331, 41 N. W. 417.] In Hillegass v. Bender, 78 Ind. 225, 226, the court said: "A lawyer is not liable for every mistake. He is not liable for a mistake committed in matters where the law is doubtful and uncertain. 'God forbid,' said Abbott, C. J., 'that it should be imagined that an attorney, or a counsel, or even a judge is bound to know all the law.'"

We think this case should be disposed of on the proposition of law, that, in order to render an attorney liable for damages, or to defeat a recovery for his services, on the ground of negligence or want of professional skill, it must be shown that the alleged act of negligence worked injury and loss to the client and that it is incumbent on the client to establish this fact. [Seefeld v. Railroad (Wis.), 35 N. W. 278; Knave v. Baird, 12 Ind. 318; Harter v. Morris, 18 Ohio St. 492; Jackson v. Clopton, 66 Ala. 29; 5 Thompson on Negligence, sec. 6698.] There is nothing in this record to show that any error was committed in the trial of the.

case of Young v. Estate of Hudgens warranting a reversal thereof by the Court of Appeals had the appeal been perfected. On the contrary, the record shows that Judge Ramsey, an attorney of Rockport, Mo., who, under defendant's employ assisted plaintiffs in the trial of that case both in the probate and circuit court, advised this defendant that there was no error warranting an appeal. But, aside from this, a writ of error would have been just as effective in having the case reviewed by the Court of Appeals as a direct appeal. [Section 2043, R. S. 1909; Chinn v. Davis, 21 Mo. App. 363, 371.] While a writ of error is denominated a new suit and an appeal is a continuation of the former suit, yet, for all practical purposes, the one is as effective in having errors of the trial court corrected by an appellate court as the other. It is the common practice in the appellate courts of this State when appeals fail for any reason, or even on dismissing same voluntarily, to at once bring the case up by writ of error. The only answer to' this suggested by the defendant is that plaintiffs failed to advise her of her right to take the case up on writ of error. The evidence, however, shows that the judgment of the Young case was compromised and settled within three or four months after its rendition. It further appears that defendant, as so often happens, when she lost the case in the trial court, became dissatisfied with her attorneys, the plaintiffs, and straightway consulted and employed a new attorney to advise her in the further' conduct of the cause and that he negotiated and arranged the compromise. The defendant practically ceased to communicate with or to ask or take advice from plaintiffs. She had abundant time to sue out a writ of error and no doubt her new attorney advised her of such right to do so, if she was really advised that a review of the case by an appellate court would avail her anything and desired to pursue that remedy, of which evidence is lacking.

The cause will therefore be reversed and remanded with directions to set aside the order granting a new trial and to enter judgment for plaintiffs on the verdict. *Robertson, P. J.*, and *Farrington, J.*, concur.